CRILL v. HUDSON.

Opinion delivered March 21, 1903.

1. TAX SALE—ACCRETION.—A sale of "the northeast fractional quarter of section eighteen, township eight south, range three west, 10.88 acres," for delinquent taxes carries an accretion of 148.91 acres, as the area given does not control the general description. (Page 393.)

2. LIMITATION—POSSESSION OF PART.—Possession of a part of a tract of land sold for taxes, under color of title for the whole, for the requisite period of time gives title to the tract by limitation where the owner is not in actual possession of any part. (Page 394.)

3. SAME—COLOR OF TITLE.—A certificate of purchase at tax sale is sufficient color of title to support a claim of title based on two years' adverse possession under Sand. & H. Dig., § 4819. (Page 394.)

Appeal from Arkansas Circuit Court.

GEORGE M. CHAPLINE, Judge.

Reversed.

Crill and wife sued Hudson for trespass for cutting timber from the northeast fractional quarter of section 18, township 8 south, range 3 west, claiming title under a tax sale and by adverse possession. Hudson in his answer denied the validity of the tax sale and by adverse possession.

The case was dismissed, and plaintiffs appealed.

The northeast quarter of section 18, township 8 south, range 3 west, in Arkansas county, by the original surveys, only contained 10.88 acres. It bordered on the Arkansas river. The river after the original survey receded, and formed by accretion 148.91 acres to the original tract.

The land was assessed for taxation for the year 1891 as "the northeast fractional quarter of section 18, township 8 south, range 3 west, 10.88 acres." Under this description it was returned delinquent, and in 1892 was sold to E. J. Crill. It was not redeemed, and

in 1894 E. J. Crill entered into possession of an improvement upon the accretion, and made other improvements thereto. He held possession until February, 1895, when he conveyed the land to his wife, Mary E. Crill, under description of "the northeast quarter section 18, township 8 south, range 3 west." Mrs. Crill and her husband thereafter held continuous possession open and adverse to all persons, so far as possession of the accretion under the purchases gave them possession, but was not otherwise in possession of the original tract—that is, they had no improvements thereon. No one else claimed any possession. In April, 1898, and thereafter, J. A. Hudson, the appellee, entered upon the original tract and cut a large amount of timber therefrom.

This suit was commenced October 25, 1899. The case was submitted to the court upon the following agreement of facts:

"It is agreed that at the time of the original survey by the surveyors for the United States the fractional northeast quarter of section 18, in township 8 south, in range 3 west, according to said survey and original plats and meander lines, contained 10.88 acres. That the same on its southeast side touched the water's edge of the Arkansas river. That since said date there has been added to the said tract of land by way of accretion, or reliction, 148.91 acres.   *   *   *

"It is further agreed that said tract of land has at all times been deeded, sold and conveyed, and referred to and known by 'the northeast fractional quarter of section 18, township 8 south, range 3 west, containing 10.88 acres,' excepting in the deeds hereinafter specifically mentioned in reference to other manners of describing said lands, and that under this description it has been assessed for taxation by the assessors of this county, and has been at all times so described in all matters pertaining to its taxation.

"It is further agreed between the parties to this action that one William H. Singleton was the owner and in possession of said tract of land in the year 1891, when the said lands were assessed for the taxes of that year, but that his actual possession or improvements were wholly on the accretion to the original tract, and at no point did they touch the original 10.88 acres. That the said lands were assessed for taxation for the year 1891 as 'the northeast fractional quarter of section 18, township 8 south, range 3 west, 10.88 acres,' and under this description were returned delinquent for the taxes for said year, duly advertised for sale, and sold on the 13th

day of June, 1892, to Edgar J. Crill for the amount of taxes, penalty and costs accrued and charged against it, amounting to the sum of $1.55, which sum included 25 cents charged by the collector for the certificate of purchase. That on or about the 15th day of June, 1894, and after the expiration of the two years from the 13th day of June, 1892, the date of the sale, the said lands being and remaining unredeemed from the sale, the said Edgar J. Crill went into possession under his purchase at tax sale, as hereinbefore set out, claiming thereunder the original improvements of the said William H. Singleton, and placed additional improvements on said tract of land, but at no point does or did his improvements touch the original tract of 10.88 acres inside the meander lines of the United States survey. That later, to-wit, on the 20th day of February, 1895, the said Edgar J. Crill duly conveyed to the plaintiff, Mary E. Crill, the said tract of land, describing it as 'northeast quarter of section 18, township 8 south, range 3 west.' That since the date of said deed the plaintiff has been in continuous, adverse, open, notorious and forcible possession of the improvements theretofore occupied by her grantor, Edgar J. Crill, claiming under her said deed from him, and claiming the original tract of 10.88 acres and all accretions thereto under her said deed, and that no one is or has been in actual possession of the original tract of 10.88 acres. That on the 25th day of October, 1899, the said Edgar J. Crill obtained from the clerk of Arkansas county a clerk's tax deed to the said land under his purchase at the sale for taxes in 1892 for the taxes of 1891, which deed describes the lands as 'fractional northeast quarter of section 18, township 8 south, range 3 west, containing 10.88 acres, in Arkansas county, being all of said tract.' * * * It is further agreed that the plaintiff's chain of title is the same as is set out in plaintiff's complaint, and that defendant's chain of title is the same as is set out in his answer, and that on the 30th day of September, 1899, defendant procured a deed from William H. Singleton to the said lands, describing them as 'northeast quarter of section 18, township 8 south, range 3 west, containing 10.88 acres, more or less, with all accretions thereunto belonging.'

"It is further agreed that the alleged cutting of timber, which is denied by the defendant, if it did in fact occur on any part of the land in controversy, was upon the original tract of 10.88 acres, and occurred prior to the time when defendant procured from Singleton the deed aforesaid, and when he had no title thereto."

The court declined to go into the question of damages, and held:

"1. That at the said tax sale made on the 13th day of June, 1892, for the non-payment of the taxes for the year 1891, only the 10.88 acres of land, as shown by the original survey of the United States, were sold and purchased by the said Edgar J. Crill, and that he acquired no right, claim or title to the 148.91 acres of the accretion attached thereto."

"2. The court finds that said fractional northwest quarter of section 18, township 8 south, range 3 west, had always been placed on the tax books and assessed as fractional northwest quarter of section 18, township 8 south, range 3 west, 10.88 acres."

"3. That, this being a suit in trespass, and said trespass having been charged to have been committed on said 10.88 acres, and said plaintiff not being in actual possession of said 10.88 acres, and her claim thereon being under tax title through her grantor, Edgar J. Crill, the court finds that plaintiff is not in constructive possession of said land, and can not therefore maintain her action."

*Pettit & Irvin* and *Ratcliffe & Fletcher,* for appellant.

*James A. Gibson, John F. Park* and *Rose & Coleman,* for appellee.

WOOD, J. The court below erred in its findings and declarations of law. It evidently was of the opinion that the tax sale did not embrace or carry the accretion. The area does not control the general description. The accretion became a part of the original tract, and passed to the tax-purchaser, whether expressly mentioned or not. *Towell* v. *Etter,* 69 Ark. 34, 63 S. W. 53.

Possession of a part, under color of title, for the requisite period of time gives title by limitation. *Pillow* v. *Roberts,* 12 Ark. 829; *Wilson* v. *Spring,* 38 Ark. 182; *Elliott* v. *Pearce,* 20 Ark. 516; *Ib.* 542; *McConnell* v. *Swepston,* 66 Ark. 141; *Finley* v. *Hogan,* 60 Ark. 499. The cases of *Woolfolk* v. *Buckner,* 60 Ark. 163, and *Id.,* 67 Ark. 411, do not apply to this cause. In those cases the owner was in actual possession of a part of the land. In this case the owner had no actual possession of any part of the land, and, when appellants took possession of a part, that possession extended to the limit of their grant. *Logan* v. *Jelks,* 34 Ark. 547; *Wilson* v. *Spring,* 38 Ark. 182; *Worthen* v. *Fletcher, ante,* p. 386, 42 S. W. 900.

The appellee was a mere trespasser, having no title or claim whatever when the suit was brought. *Sharp* v. *Johnson*, 22 Ark. 87.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.