· Boynton *v.* Ashabranner.

Opinion delivered May 27, 1905.

Limitation—adverse possession—extent.—Possession of a portion of a tract of land under color of title to the whole, for the purposes of the statute of limitations, extends to the entire tract.

Appeal from Mississippi Chancery Court.

Edward D. Robertson, Chancellor.

Affirmed.

*Driver & Harrison,* for appellants.

The confirmation decree was not subject to collateral attack. 52 Ark. 400; Freeman, Judg. § 118; Kirby's Dig. § 673; 57 Ark. 49, 628; 62 Ark. 421; 66 Ark. 1. The proof is not sufficient to question the validity of the confirmation decree. 68 Ark. 211. The tax title under which appellee fails must fail. 32 Ark. 496; 58 Ark. 213; 42 Ark. 100; 56 Ark. 93; 69 Ark. 576. The owner of a legal title is presumed to be in possession of the land, unless ousted by the actual possession of an adverse claimant. 45 Ark. 81; 38 Ark. 277; 65 Ark. 422; 67 Ark. 411; 57 Ark. 97; 68 Ark. 551; 49 Ark. 266; 50 Ark. 141; 54 Ark. 537. The decree in Fowlkes v. Citizens' Bank is invalid. 71 Ark. 226; 4 Enc. Pl. & Pr. 345; Black, Judg. § 175; Freeman, Judg. § 121; 40 Col. 183; 4 Col. 109; 58 Ga. 114; 11 W. Va. 673; 57 Ark. 49; 64 Minn. 531; 22 Utah, 65; 29 W. Va. 389. A defense to this decree can be raised at any time. 48 Ark. 151.

*W. J. Lamb* and *J. T. Coston,* for appellee.

The tax title of appellant is of no validity. 34 Fed. 705; 68 Ark. 248; 61 Ark. 36; 65 Ark. 596. The decree of confirmation is attacked directly. 56 Ark. 79; Kirby's Dig. § 665. There can be but one payment of taxes in the same year. 22 Ill. 619; 110 Ill. 418; 40 N. E. 453, 449. Jurisdiction of a matter may be inquired into. 139 U. S. 147; Van Fleet, Coll. Attack, 4.

Fraud is alleged, and a direct attack on the decree made.   Kirby's Dig. § 4431; 112 Ind. 221; 16 La. 82; 42 Ark. 344.   Three consecutive payments of taxes is a jurisdictional fact.   68 Ark. 214; 61 Ark. 51; 97 U. S. 444; 192 U. S. 128; 60 Fed. 224; 28 S. W. 964.   The decree of confirmation is void on its face.   Mansf. Dig. § 5764; 24 Ark. 521; 34 How. Pr. 197.   In the confirmation proceedings appellee was entitled to personal service.   Acts, 1862, p. 46.   Act of 1862 has not been replaced by late enactments by implication.   34 Md. 381; 36 Miss. 669; 20 Cal. 94; 79 Cal. 463; 44 Cent. Dig. 2731; Black, Inter. L. 112; 40 Ark. 452; 45 Ark. 391; 60 Ark. 129; 69 Ark. 517.   A judgment binds all persons who employed attorneys, furnished evidence and promoted the litigation.   118 Ill. 9; 85 Ia. 328; 130 Ind. 328; 35 Ill. App. 283; Van Fleet, Coll. Attack, 927.   Boynton was not an innocent purchaser.   Kirby's Dig. § 4478; 120 Fed. 823; 142 U. S. 437.   Evidence of Cross' patent was incompetent.   47 Ark. 300; 57 Ark. 158.   No patent was ever issued to Cross.   39 Ark. 126; 55 Ark. 289.   Appellee was in adverse possession exceeding the statutory period.   34 Ark. 602; 74 S. W. 299; 71 S. W. 255; 10 Pet. 190; 48 Ark. 312.

WOOD, J.   This is a suit by appellants against appellee to recover and quiet title to the southwest quarter, section 25, township 15 north range 8 east, in Mississippi County, Arkansas. The issues in this case are the same as in No. 5310, decided this day, opinion by Chief Justice Hill, and the facts are the same, except on the question of limitation.   (*Boynton* v. *Ashabranner, ante* p. 415.)   Therefore, the opinion in that case is controlling in this on all issues except adverse possession.   On the question of adverse possession the court found in this case "that defendant was in the open, notorious, actual, adverse and continuous possession of the aforesaid land for more than two years prior to the filing of this suit."   This finding is not clearly against the weight of the evidence.   On the contrary, it has the preponderance in its favor.   There was evidence tending to prove that forty acres of the land were deadened in 1897.   A portion of it had been cleared for three years, and ten acres had been fenced for ten years.   Ten acres were cleared in 1899, and two crops were made on it before the suit was brought.   This suit was begun February 12, 1902;

the owner not having possession of any part when the appellee took possession and held adversely a part. Possession under the law was extended to the limit of his grant. *Crill* v. *Hudson,* 71 Ark. 390; *Sparks* v. *Farris,* 71 Ark. 117.

The decree is affirmed.