SIBLY v. GOMILLION.

Opinion delivered July 29, 1905.

ADVERSE POSSESSION—TITLE.—Two years open, continuous, exclusive and adverse possession under a donation deed gives title upon which to base a suit to quiet title.

Appeal from Lonoke Chancery Court.

THOMAS B. MARTIN, Chancellor.

Affirmed.

M. Gomillion filed his bill January 24, 1902, against Sarah S. and George Sibly to quiet his title to the east half of west half of section 19, township 1 south, range 7 west, alleging that he donated same in 1886, and on April 17, 1888, procured deed from the State, and that he had been in adverse possession of it ever since.

Defendants denied the plaintiff's title, and claimed under the purchase in June, 1888, by George Sibly, who conveyed to Sarah S. Sibly, his wife, on October 3, 1891, and she procured a decree of confirmation of her tax title on November 25, 1892.

The testimony tended to prove the facts alleged by plaintiff. There was a decree for plaintiff, from which defendants have appealed.

*Geo. Sibly,* for appellants.

This case is ruled by the decision in 70 Ark. 371.

*Elias Gates* and *Lehman, Gates & Lehman,* for appellee.

Appellee had title by adverse possession under a donation deed.

WOOD, J. The only question is, did appellee at the time of bringing his suit have title by limitation? The decree of the lower court recites: "The court, after due consideration, is of the opinion that, by reason and by virtue of the open, notorious, continuous, exclusive and adverse possession thereof by complainant for more than seven years under his donation deed, the aforesaid possession having begun prior to the conveyance to Mrs. Sarah S. Sibly by Geo. Sibly, the complainant has a good and valid title to the land described in the original bill of complaint as follows: 'east half of west half, section 19, township 1

south, range 7 west.' The decree of confirmation of the tax sale in Sarah S. Sibly is and constitutes a cloud upon complainant's title acquired by reason of said limitation, and should be removed."

To set out and discuss the evidence upon which we base our conclusion could serve no useful purpose. The question is purely one of fact. The chancellor's finding went further than was necessary to give title to the appellee. Two years open, continuous, exclusive and adverse possession under a donation deed gives title. *Helena v. Hornor,* 58 Ark. 151; *Finley v. Hogan,* 60 Ark. 499; *Woolfork v. Buckner,* 60 Ark. 163; *Crill v. Hudson,* 71 Ark. 390; *Boynton v. Ashabranner,* 75 Ark. 514.

We have carefully examined the record, and find that the appellee had title to the land in controversy by adverse possession under his donation deed, when he brought his suit. The decree is affirmed.