RUCKER *v*. DIXON.

Opinion delivered March 3, 1906.

TAX PURCHASE—CONSTRUCTIVE POSSESSION.—One who, under a void tax
deed, goes into actual possession of part of the land, which is other-
wise unoccupied, has constructive possession of the remainder of
the tract sufficient to give title to the whole tract under the statute
of limitations.

Appeal from Mississippi Chancery Court; *Edward D. Robertson*, Chancellor; reversed.

*S. S. Semmes*, for appellant.

Actual possession of a portion of the land in controversy was constructive possession of the whole tract described in the deed, and adverse possession thereof by appellants for two years gave title to the whole. 71 Ark. 122; *Ib.* 393.

McCULLOCH, J. This was a suit in equity brought by Mary C. Dixon against A. G. Rucker, E. E. Rucker, A. H. Gress and Lizzie Phillips to cancel and remove, as a cloud upon the plaintiff's title to a quarter section of land in Mississippi County, a donation deed executed by the State Land Commissioner to one Crabtree, under whom the defendants claim title by mesne conveyances. The forfeiture for taxes upon which the State's donation deed is based is alleged to be void for the reasons set forth in the complaint. The defendants filed separate answers pleading adverse occupancy of the land under the donation deed to Crabtree for more than two years next before the commencement of the suit. It is conceded that the forfeiture for taxes was void. The chancellor, upon proof and agreement between counsel as to the facts, found that defendants had held actual possession of a part of the land under the donation deed for more than two years before the commencement of the suit, and dismissed the complaint as to such part of the land so held, but rendered a decree awarding to plaintiff the portion of the land not in actual occupancy.

The case is controlled by the case of *Sparks* v. *Farish*, 71 Ark. 117, which was decided by this court since the decree below. See also *Boynton* v. *Ashabranner*, 75 Ark. 514. It was there held that actual possession of part of a tract under a

donation deed describing the whole carried the constructive possession to the limits of the boundary described in the deed, so as to sustain a plea of adverse possession of the whole tract.

The decree is therefore reversed, and the cause remanded with directions to dismiss the complaint for want of equity.