## VAN ETTEN v. DAUGHERTY.

Opinion delivered June 24, 1907.

1. QUIETING TITLE—TITLE TO MAINTAIN SUIT.—A title acquired by adverse possession is sufficient upon which to base a suit to quiet title. (Page 539.)

2. ADVERSE POSSESSION—EXTENT.—Actual possession of a portion of a tract of land under color of title to the whole is in law possession to the limit of such title. (Page 539.)

3. LEVEES—COLLECTION OF DELINQUENT TAX—PROCEDURE.—Under Acts 1895, c. 71, amending the St. Francis Levee Act, by which it is provided that notice of a suit to collect delinquent taxes shall be given by the service of personal service of summons, if the defendant is a resident of the county, or is in the county, or if there is an occupant upon the land, a judgment against a delinquent taxpayer, based

upon constructive service by publication, is void on collateral attack where the defendant was a resident of the county or where there was at the time the notice was published an occupant upon the land. (Page 539.)

Appeal from Crittenden Chancery Court; *Edward Robertson,* Chancellor; affirmed.

### STATEMENT BY THE COURT.

Appellee alleged that he was the owner and in possession of the northwest quarter of the southwest quarter of section twenty (20), township eight (8) north, range seven (7) east, containing 40 acres. He alleged title as follows:

1. Swamp land grant under act of September 20, 1850.

2. Entry by B. C. Crump.

3. Forfeitures to the State in 1877 for nonpayment of the taxes of 1873, 1874, 1875 and 1876.

4. Donation to the St. Francis Levee District under act of March 29, 1893, donating to said district all forfeited lands situated therein.

5. Deed January 1, 1896, from the St. Francis Levee Distract to W. E. Grant.

6. Deed from W. E. Grant to appellee of date February 24, 1903.

The complaint set forth in detail a proceeding in the Crittenden Chancery Court for the collection of levee taxes alleged to be due the St. Francis Levee District for the years 1893, 1894, 1895, 1896 and 1897, resulting in a decree rendered February 14, 1898, a sale thereunder to appellant Van Etten, confirmation thereof at a subsequent term, and a deed to him by the commissioner of said court which had been duly recorded. This levee tax sale and deed were attacked as void for the reason that W. E. Grant, at that time the owner of the land, was in actual occupancy thereof when the suit was begun and when the decree was rendered, and has ever since been in possession of said land, and that he was not made a party to the levee tax proceedings, and was not served with process, and that therefore the court was without jurisdiction to render the decree. That in the said suit aforesaid said lands were sued on in the name of W. H. Elliott, and the service was by publication against said Elliott.

Appellee alleged also that appellant's deed was a cloud on his title, and tendered in open court all taxes paid by Van Etten.

The prayer was for a cancellation of the deed from the commissioner to Van Etten as a cloud upon the appellee's title.

Appellant answered, setting out in the answer the names of the heirs of B. C. Crump, and denying the said forfeitures for taxes and the grant by the State to the Levee District. He admitted the deed from the Levee District to W. E. Grant and the deed from said Grant to Daugherty. He admitted also all the allegations of the complaint as to the proceedings in the levee tax suit, but denied that Grant was in actual occupancy, and alleged that if he was in possession he was in as a trespasser merely; he pleaded the statute of limitation of three years and the statute of five years.

Appellant made his answer a cross-complaint, setting up again in detail the same facts contained in the complaint and answer, and asked to have Daugherty's deeds cancelled as clouds upon his title.

An agreed statement of facts was as follows:

"1. That B. C. Crump received the patent from the State of Arkansas for the land in controversy.

"2. That B. C. Crump died intestate about 1871, and had never parted with the title to the land by any voluntary conveyance.

"3. That the heirs of B. C. Crump are correctly named in the answer, and the fact of their residence is there correctly stated.

"4. That in the levee tax decree mentioned in the complaint Edna Alma Guerrant and Mrs. L. M. Buck, two of the heirs of B. C. Crump named in the answer, were made parties thereto by constructive service, they having been proceeded against as owners of other land than that described in the complaint. That in the said decree the unknown heirs of B. C. Crump (described there as 'Unknown Heirs of B. C. Crump') were proceeded against by publication as owners of a tract of land there described, other than the one mentioned in the complaint.

"5. That the tract of land in controversy was sued on in the name of W. H. Elliott, who was party to this levee tract

decree by publication. That the said Elliott never at any time owned any interest in the land in controversy, the tract on which he was sued as owner, except it was sold to him at a sale for the taxes (State and county) for the year 1887, but the said Elliott never received a deed upon his said tax suit purchase, and the said tax sale was void for the reason that excessive costs were charged. At the time of the institution of the said levee tax suit the said Elliott was nonresident of the county of Crittenden.

"6. That the said W. E. Grant, mentioned in the complaint, has at all times since 1893 been, and is now, a resident of Crittenden County, Arkansas, and that from the date of this deed from the levee district in 1896 up to the time of the date of his deed to plaintiff he was at all times, either in person or by tenant, in the actual possession of the said lands, and was so in possession of the said land at the time of the institution of the said levee tax suit for the 1895 levee taxes. The deed from the levee district to the said Grant was also of record in the office of the clerk and recorder of Crittenden County, Arkansas, at the time of the institution of the said levee tax suit.

"7. Either party may, without further notice, introduce in proof the original of any record in the office of the clerk of the county court or the clerk of the circuit and chancery court of Crittenden County, Arkansas, together with the said levee tax decree or any of the pleadings leading thereto, subject only to exceptions for relevancy and incompetency."

W. E. Grant testified that he had lived in Crittenden County since 1892; that he bought this land from the levee board in January, 1896, and moved on to it in the same year, built a house and corn crib thereon, and fenced and put in cultivation four or five acres; that Dan Jones, his tenant, occupied it in 1897, and that he sold the land to Daugherty in February, 1903. Grant also testified that he was never served with any summons in any suit to collect levee taxes.

P. G. Daugherty testified that he had known W. E. Grant since 1892 or 1893, and that Grant has lived in Crittenden County ever since; that he bought this land from Grant in 1903; that Grant had been in possession all the while, and that Grant built a house in 1896 and cleared and fenced about four acres of the land.

The decree shows the cause was heard upon the complaint and exhibit thereto, and answer and cross-complaint of the defendant, with exhibit thereto, the depositions of J. G. Daugherty and W. E. Grant, agreed statement of facts and the stipulation filed herein, the tax book and record of tax sales and forfeiture, and the records for the tax suits for the year 1895.

The court decreed that the decree of the Crittenden Chancery Court, rendered at the January term, 1898, in the suit of the St. Francis Levee District v. Memphis Land & Timber Company was, as to the west one-half of the southwest of section 20, township 8 north, range 7 east, rendered without notice and was void; and that the said decree of sale of the said land for the levee taxes of the year 1895, and the deed of J. T. Haden to J. A. Van Etten, dated January 17, 1899, was void, and is a cloud upon plaintiff Daugherty's title, and is cancelled and set aside. And, it appearing by agreement of counsel that the defendant, on account of the tax purchase and the taxes paid out since his tax purchase, has expended with interest the sum of $........, same is adjudged a lien upon said lands, which sum was tendered in court, and was refused by defendant.

Appellant duly prosecutes this appeal.

*J. W. Blackwood,* for appellant.

Being a collateral attack upon the decree rendered by the Crittenden Chancery Court in St. Francis Levee District v. Memphis Land & Timber Company, relief should have been denied. 127 Fed. 219; 17 Wall. 78; 50 Ark. 188; 76 Ark. 466; 74 Ark. 174; *Id.* 220. Recitals in appellant's deed were evidence of facts therein stated. 74 Ark. 202; Kirby's Digest, § 760.

*Allen Hughes,* for appellee.

1. Under the proof and the agreed statement of facts, appellee had title by open, continuous, adverse possession of the land under color of title for seven years, and this is sufficient title upon which to base an action to quiet title. 20 Ark. 508; 57 Ark. 97.

2. The levee tax decree is void for want of notice, Grant being at the time the suit was brought a resident of the county and no summons having been served on him. Acts 1895, pp. 90-92; Kirby's Digest, § 4424. Want of jurisdiction may be set

up against a judgment whenever and wherever any right is asserted thereunder. 8 How. 540. And in this case it is immaterial whether the attack upon the decree is direct or collateral. Rorer on Jud. Sales, 170. It appears from the language of the act itself that the provision for personal service where the defendant is in the county, or where there is an occupant on the land, is mandatory, and, such being the case, the statute must be strictly followed; otherwise the proceedings will be void. Potter's Dwarris on Stat. 224, note; 26 Am. & Eng. Enc. Law (2 Ed.), 692; 81 Pa. St. 349; 2 N. Y. 464; Endlich, Int. Stat. § 435; 12 L. R. A. 353; 44 Cal. 366.

WOOD, J., (after stating the facts.) 1. Appellee and his grantor, Grant, having taken possession of the land in controversy under color of title and having held the same continuously, openly and adversely for more than seven years, as the agreed statement and proof *aliunde* show, had title to quiet. *Elliott* v. *Pearce,* 20 Ark. 508; *Cofer* v. *Brooks,* 20 Ark. 542; *Pillow* v. *Roberts,* 12 Ark. 822. See *Sibly* v. *Gomillion,* 76 Ark. 442.

The actual possession of part of the land under the deed was in law possession to the limit of his grant, and gave appellee's grantor, and appellee through him, title to the whole. *Boynton* v. *Ashabranner,* 75 Ark. 514; *Crill* v. *Hudson,* 71 Ark. 390; *Sparks* v. *Farris,* 71 Ark. 117.

2. But appellant contends that the decree of the Crittenden Chancery Court of February 14, 1898, and the proceedings thereunder, divested appellee's grantor, and hence appellee, of title, and vested same in appellant; and that this decree is not open to collateral attack. The decree under which appellant claims title was rendered in a suit instituted by the St. Francis Levee District against the Memphis Land & Timber Company and others to enforce the lien of the levee district for taxes on certain lands situated therein. The suit was pursuant to an act of the General Assembly of 1895, c. 71, amendatory of the act of Feb. 15, 1893, creating the district, that provides in part as follows: "Said proceedings and judgment shall be in the nature of proceedings *in rem,* and it shall be immaterial that the ownership of said lands may be incorrectly alleged in said proceedings; and said judgment may be enforced wholly against said land, and not against any other property or estate of said defendant. All or any part of said

delinquent lands for each of said counties may be included in one suit for each county, instituted for the collection of said delinquent taxes, etc., as aforesaid, and all delinquent owners of said lands, including those unknown as aforesaid, may be included in said one suit as defendants; and notice of the pendency of such suit shall be given as against nonresidents of the county and the unknown owners, respectively, where such suits may be pending, by publication weekly for four weeks, prior to the day of the term of court on which final judgments may be entered for the said sale of said lands." After setting forth *in extenso* the form of the notice, giving the nature of the suit and the description of the lands, the act further provides: "Said persons and corporations and all others interested in said lands are hereby notified that they are required by law to appear and make defense to said suit, or the same will be taken for confessed, and judgment final will be entered directing the sale of said lands for the purpose of collecting said delinquent levee tax," etc. In *Ballard* v. *Hunter*, 74 Ark. 174, Mrs. Josephine Ballard brought suit attacking the validity of the same decree under which appellant claims. She alleged that lands owned by her in the district had been condemned and sold under the decree, that she "was not a party to the foreclosure proceedings, that she was a nonresident of the State, and had no information of the pendency of the suit," and the question raised by these allegations and passed upon by the court was whether notice by publication as against nonresident landowners, as required by the statute, was sufficient to authorize condemnation and sale of the lands where the nonresident was not named as a party defendant to the foreclosure suit. The court, speaking to this point through Mr. Justice BATTLE, said: "The fact that the lands in controversy were the property of Mrs. Josephine Ballard, and that she was not made a party defendant to the suit instituted to enforce the collection of the taxes thereon, does not affect the decree therein and the sale thereunder. The act provides that such suit and decree shall be in the nature of proceedings *in rem*, and that it shall be immaterial that the ownership of the lands may be incorrectly alleged in said proceedings." The court accordingly held that the notice by publication, under the statute, was sufficient to authorize a decree ordering the lands of a nonresident

sold for taxes, although the nonresident owner of the lands was not a party to the proceeding.

It is contended by appellant that the principles of *Ballard* v. *Hunter, supra,* rule this case. But not so. The court in *Ballard* v. *Hunter* was passing upon the facts of that case and the provisions of the statute applicable thereto. Here the facts are entirely different. Appellee's grantor, who was the owner of the land at the time the decree was rendered ordering same sold for taxes, was a resident of the district, and he or tenants occupied the land at the time the suit was instituted and decree was rendered. The provisions of the act of 1895 applicable to such cases are as follows:

"As against any defendant who resides in the county where such suit may be brought, and who appears by the record of deeds in said county to be the owner of any of the lands proceeded against, notice of the pending suit shall be given by the service of personal summons of the court at least twenty days before the day on which said defendant is required to answer, as set out in said summons. * * * And provided further, actual service of summons shall be had where the defendant is in the county or where there is an occupant upon the land." Acts 1895, c. 71, § 1.

These provisions of the statute are mandatory in form and in fact. They require personal actual service of summons upon the resident of the county in the district who is shown by the record to be the owner of the land; and if the owner is not a resident, and not in the county, but has an occupant upon the land, then such occupant must be served with summons. In our opinion, the personal service of summons as herein provided is essential to give the court jurisdiction where the lands sought to be condemned under the act have a resident record owner, or where they are occupied. All the provisions of the act must be construed together. The provisions as to resident record owners and occupants can not be ignored. The act, as construed in *Ballard* v. *Hunter, supra,* is a proceeding *in rem* as to the lands of nonresidents not in the county when the suit is brought and whose lands are unoccupied, and as to unknown owners mentioned therein notice by publication is sufficient as

to them. But as to resident record owners or nonresident owners in the county when suit is brought, or occupants, there must be personal service before the lands of such resident record owners or occupied lands can be condemned and sold for the delinquent taxes. While the judgment is in the nature of a proceeding *in rem,* in that it can only be enforced against the lands and not against any other property or estate of the defendants, yet, in order to give the court jurisdiction to render the judgment, it is necessary that the mode of obtaining jurisdiction prescribed by the statute be strictly pursued. The proceedings for divesting the owners, resident and nonresident, known and unknown, of their estate in the lands subject to the levee tax derive their only sanction from the statute, and the courts must see that its provisions as to jurisdiction are complied with, or their judgments will be utterly void, and, of course, subject to collateral as well as direct attack. *Gibney* v. *Crawford,* 51 Ark. 34. "In statutory proceedings every act which is jurisdictional or of the essence of the proceeding, or prescribed for the benefit of the party affected is mandatory." Note to *Gallup* v. *Smith,* 12 L. R. A. 353-354; Endlich, Int. Stat. § 435; Potter's Dwarris on Stat. Con. page. 224 note, 26 Am. & Eng. Enc. Law (2 Ed.) p. 692; *Norwegian Street,* 81 Pa. St. p. 349, and other authorities cited in appellee's brief.

In *Johnson* v. *Hunter,* 147 Fed. 133, the Circuit Court of Appeals, in passing upon the question of what was necessary to be stated in an affidavit for publication in order to give the court jurisdiction by constructive service of a known nonresident, said: "The conditions are that the defendant must be a nonresident of the county and must be absent therefrom, and that there must not be an occupant upon the land. If the defendant be a resident of the county, or be present therein, or if there be an occupant upon the land, actual service of the summons is required. A defendant may be a nonresident of the county, and yet be present therein so that actual service upon him can be had. If he is so present, the act plainly calls for such service. And a defendant may be a nonresident of the county and absent therefrom, and yet the land be occupied by a tenant or other representative upon whom a summons can be served. If

the land is so occupied, the act plainly calls for such service."

The circuit court for the Eastern District of Arkansas, through Judge Trieber, in *Johnson* v. *Hunter,* 127 Fed. Rep. 219, held that "where a sworn complaint in a proceeding to subject nonresident lands to the payment of delinquent taxes alleged that the owner was a nonresident, it was sufficient to authorize service by publication without a separate affidavit of nonresidence." This decision is in accord with our own decision in *Ballard* v. *Hunter, supra,* and the decision of the Supreme Court of the United States affirming the decision of this court. But neither the circuit court for the Eastern District in *Johnson* v. *Hunter,* nor this court in *Ballard* v. *Hunter,* considered the question as to whether such verified complaint would give jurisdiction by publication in a case where the nonresident was in the county at the time of the institution of the suit and could have been served with process, or whether such notice by publication would have been sufficient in a case where the land, though owned by a non-resident, was occupied by his tenant. The Circuit Court of Appeals in *Johnson* v. *Hunter, supra,* in referring to the decisions of this court in *Memphis Land & Timber Co.* v. *Board of Directors of St. Francis Levee District,* 70 Ark. 409; and *Ballard* v. *Hunter,* 74 Ark. 174, correctly stated that "in one the question actually considered was whether or not an affidavit for publication was necessary, rather than what it should contain, and in the other it was whether or not a verified complaint could perform the office of such an affidavit." We also considered in *Ballard* v. *Hunter* the question as to whether a verified complaint which alleged the nonresidence of the defendant was sufficient to authorize service by publication. The Circuit Court of Appeals was in error in stating that in *Ballard* v. *Hunter* the court's attention does not appear to have been directed to the provision, "and provided further actual service of summons shall be had where the defendant is in the county or where there is an occupant upon the land." Learned counsel for appellants in *Ballard* v. *Hunter* did call our attention to the provision, but there was no pretense or contention that appellant Mrs. Ballard was in the county when the suit was brought, so that personal summons could have been upon her, nor was it

contended that there was an occupant upon the land. We did not feel called upon therefore to give appellants in that case the benefit of an objection which they were in no position to make because of the conceded facts.

As was said by the Supreme Court of the United States in reviewing that case: "They did not assert that, though non-residents of the county, they were present therein, or that their lands were occupied by a tenant or other representatives, as was the case in *Banks* v. *St. Francis Levee District,* 66 Ark. 490. * * * Plaintiffs in error, it is true, alleged that no 'sufficient affidavit of the plaintiff' was filed stating 'positively or sufficiently any one of the facts' required to be stated, and that the clerk did not make on the complaint or otherwise any warning order to plaintiffs in error, or to either of them, to appear in the suit as required, or which obliged them to appear therein, or bound them by the proceedings which were had therein. But there was no allegation that either of them was in the county, or that there was an occupant upon their lands. Not being defendants who were entitled to personal service, they can not urge against the decree that they were not given personal service, or complain that the complaint was insufficient as an affidavit for service by publication because it did not deny the existence of conditions which there is no pretense existed." *Ballard* v. *Hunter,* 204 U. S. 241.

None of these decisions are in conflict with the view we here announce. In none of them was the question now before us being considered, except indirectly; for in none of them were the defendants, as here, resident record owners or were the lands shown, as here, to be occupied. The opinion in case of *Johnson* v. *Hunter* in Circuit Court of Appeals supports the view here announced, and the case of *Ballard* v. *Hunter* in the Supreme Court of the United States, *supra,* indirectly also sustains the views we take of this statute.

Third. Neither the three nor the five years statute of limitations applies to the facts of this record. The three years statute (Act April 2, 1895, § 1, p. 91,) contains no limitation upon the right to attack a decree that is void for the want of jurisdiction. The five years statute has no application. The

action was not to recover possession but to remove cloud. Appellee was in possession. *Streett* v. *Reynolds,* 63 Ark. 1.

Decree affirmed.