FLANNIGAN v. BEAVERS.

## Opinion delivered November 1, 1926.

1.  APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—Evidence *held* to sustain a finding that defendant had been in adverse possession of land in suit more than seven years.

2.  MORTGAGES—DEFECTIVE EXECUTION—CURATIVE STATUTE.—A mortgage which was not executed and acknowledged as required by § 5542, Crawford & Moses' Dig., was cured by Acts 1923, p. 43.

3.  ADVERSE POSSESSION—SUFFICIENCY OF POSSESSION.—Where the beneficiary in a trust deed bought property at an invalid trustee's sale and conveyed same by warranty deed to defendant, who immediately entered into possession and occupied it openly, continuously and adversely for more than seven years before suit against him, *held* his possession was a bar to recovery.

4.  ADVERSE POSSESSION—EXTENT.—Adverse possession of a part of a tract of land under color of title to the whole is sufficient to give title to the whole if maintained for the statutory period.

Appeal from Columbia Circuit Court; *L. S. Britt,* Judge; affirmed.

*Joe Joiner* and *A. D Stevens,* for appellant.

*McKay & Smith,* for appellee.

SMITH, J. Appellants are the heirs-at-law of Simon Flannigan, who died in 1899, and, at the time of his death, was in possession of a 120-acre tract of land in Columbia County, which he and his wife were occupying as their homestead. Flannigan and his wife had executed a deed of trust on this land to one S. O. Couch, but that instrument had not been acknowledged in a manner to conform to the act of March 18, 1887, entitled "An act to render more effectual the constitutional exemptions of homesteads," which appears as § 5542, C. & M. Digest. This deed of trust contained a power of sale, and, pursuant to the authority thereof, the trustee sold the land, and Couch became the purchaser. This trust deed was dated October 28, 1910, and in 1913 appellee, Neely Beavers, purchased the land from Couch, and immediately entered into possession.

This suit was brought against Beavers to recover possession of the land. It was alleged in the complaint,

and testimony was offered tending to show, that the indebtedness secured by the deed of trust was paid before the foreclosure sale. It was also alleged that the trustee's sale was void because notice of the sale was not published as required by the deed of trust, and it was also insisted that the deed of trust was void because the land mortgaged was the homestead of Flannigan, and had not been acknowledged as required by § 5542, C. & M. Digest.

A number of interesting questions are discussed in the briefs, which we find it unnecessary to decide, because the defendant Beavers defended his possession upon the ground that he had been in the open, actual, adverse and hostile possession of the land for a period of more than seven years, and this issue was submitted to the jury, and the finding in appellee's favor is conclusive of this question of fact.

Appellants offered testimony tending to show that the indebtedness secured by the deed of trust had been paid, and also that, long after the alleged void foreclosure of the deed of trust, a grandson of Flannigan was left in possession of the land as the cotenant of the other heirs of Flannigan, and that he remained in the possession of a portion of the land until a few years before the institution of this suit—a period less than seven years before the suit was brought. On the other hand, the testimony on the part of Beavers was that this grandson of Flannigan occupied the land as the tenant of Beavers. This was of course a question of fact, which is concluded by the general finding of the jury.

The argument for the reversal of the judgment which was pronounced in Beavers' favor is that the deed of trust was void because it had been paid, and because it was not executed and acknowledged as required by § 5542, C. & M. Digest, which last argument is answered by reference to act 80, Acts 1923, page 43, which was an act to cure conveyances defective under § 5542, C. & M. Digest. An act of similar purport was upheld by this court in the case of *Hanson* v. *Brown*, 139 Ark. 60, 213 S. W. 12.

It is further argued for the reversal of the judgment of the court below that, even though the deed of trust had not been paid and was valid under the act of 1923, the foreclosure sale and the trustee's deed were void because proper notice thereof was not given, and the case of *Stallings* v. *Thomas,* 55 Ark. 326, 18 S. W. 184, is cited in support of that contention. The insistence is that, if this foreclosure sale is void, then Couch became only a mortgagee in possession by his purchase at the trustee's sale and his entry thereunder, and that Beavers, having purchased from Couch, acquired only such rights as Couch had, which were nothing more nor less than that of a mortgagee in possession.

The deed from Couch to Beavers was a warranty deed, in usual form, and purported to convey the absolute title to the land, and it was at least color of title, and the testimony on behalf of Beavers was to the effect that he immediately entered into the possession of the land and occupied it openly, continuously and adversely for a period much longer than seven years before the institution of this suit, and, in our opinion, this possession was a bar to plaintiff's right to recover the land.

It becomes unnecessary therefore to determine whether the indebtedness secured by the deed of trust had been paid, or to determine whether the deed of trust to Couch was void through failure to follow the directions of the power of sale incorporated in the deed of trust. There was a trustee's sale, and a deed was executed pursuant thereto to Couch, who conveyed to Beavers, and these conveyances were color of title, and the jury has found that Beavers' possession was at all times adverse and hostile and continued for a period of more than seven years before the institution of this suit.

Adverse possession of a tract of land, under color of title to the whole, is sufficient to give title to the whole if maintained for the statutory period. *Wheeler* v. *Foote,* 80 Ark. 435, 97 S. W. 447.

We hold there was color of title, and the jury has found that more than seven years' possession was had

thereunder, and that the same was adverse and hostile, and, this being true, the plaintiffs' cause of action was barred, and the judgment of the court below is therefore correct, and is affirmed.