St. Louis Union Trust Company *v.* Hillis.

4-7439                                    182 S. W. 2d 882

Opinion delivered October 30, 1944.

*J. F. Gautney* and *Roy Penix,* for appellant.

*Claude B. Brinton,* for appellee.

SMITH, J. This suit, filed July 30, 1942, in ejectment, by appellants, was, on motion of the defendant—appellee—transferred to equity, where the court found that the appellee had acquired title to the land sued for by adverse possession, and from that decree is this appeal.

The land sued for is described as W½ NE¼ section 29, township 13 N., range 1 E., containing 80 acres, and lies within the Cache River Drainage District, and was sold for the delinquent taxes due the district for the years 1926 and 1927. The land was conveyed to the district by the commissioner who made the sale, pursuant to the decree foreclosing the district's lien for taxes on January 2, 1928, and on January 5, 1939, the district sold and conveyed the land to appellants.

State and county taxes for 1929 were erroneously extended against the land, inasmuch as the title was in the improvement district, and when these taxes were not paid the land was sold to the state and, not having been redeemed, was in 1932 certified to the state land commissioner as forfeited land.

The land had previously been sold to the state for the nonpayment of the general taxes due thereon, and this forfeiture had been certified to the state, and on September 13, 1932, the land commissioner issued a donation certificate to appellee, who failed to make the proof required by law, but, under the authority of § 8639, Pope's Digest, the land commissioner permitted a second donation on September 27, 1938, and issued a donation certificate. Appellee had entered into the possession of the land under his 1932 donation certificate, and has since maintained possession, and the complaint alleged appellee was in possession when it was filed.

During the progress of the trial appellants caused a survey to be made establishing the line between the NW¼ NE¼ and SW¼ NE¼, which showed that all improvements had been made on the SW¼ NE¼, except that one-half an acre in the NW¼ NE¼ had been cleared and was a part of the field which appellee had opened up on the land.

The decree contains the finding that appellee had made on the W½ NE¼ the improvements required by law, entitling him to a donation deed, which was executed October 17, 1940, a date prior to the institution of this suit, but subsequent to the date of the deed from the

drainage district to appellant. Upon this finding it was held that appellee's possession under his donation certificate had ripened into title, and that he had title by adverse possession.

Appellee's donation certificate covered the W½ NE¼ of the section, of which both the NW¼ NE¼ and the SW¼ NE¼ are parts, and the decree is not questioned insofar as it vests and quiets appellee's title to the SW¼ NE¼, the insistence being that possession of the NW¼ NE¼ for two years under the donation certificate was not shown.

We do not agree. It is undisputed that appellee entered under a certificate of donation, which described the donated land as the W½ NE¼, which description, of course, includes both 40-acre tracts. It was held in the case of *Moore* v. *McHenry,* 167 Ark. 483, 268 S. W. 858, to quote a headnote, that: "Where adverse possession is entered under color of title, the grantee in the instrument constituting color of title will be deemed in constructive possession of the entire body of land described in the instrument if in the actual adverse possession of any part thereof." The following, among other cases, are to the same effect: *Crill* v. *Hudson,* 71 Ark. 390, 74 S. W. 299; *Haggart* v. *Ranney,* 73 Ark. 344, 84 S. W. 703; *Boynton* v. *Ashabranner,* 75 Ark. 415, 88 S. W. 566; *Van Etten* v. *Daugherty,* 83 Ark. 534, 103 S. W. 737; *Flannigan* v. *Beavers,* 172 Ark. 28, 287 S. W. 755; *Rucker* v. *Dixon,* 78 Ark. 99, 93 S. W. 750. In the last cited case the headnote reads as follows: "One who, under a void tax deed, goes into actual possession of part of the land, which is otherwise unoccupied, has constructive possession of the remainder of the tract sufficient to give title to the whole tract under the statute of limitations."

We have not overlooked the recent case of *Anthony* v. *International Paper Company, ante,* p. 396, 180 S. W. 2d 828, and the numerous cases there cited and reviewed, as we have here no actual possession by anyone except appellee, who held actual possession under a certificate of donation which embraced both 40-acre tracts.

The donation law did not require appellee to make improvements, including a house, on each 40-acre tract. The requirements of the law were met when appellee built a house and made the other improvements required by the donation law upon any part of the donated land. It is undisputed that appellee built a house and made all the improvements required by law, including a field, which he cleared and put in cultivation, containing 26.53 acres, all of which field is in the SW¼ NE¼, except one-half an acre in the NW¼ NE¼. Appellee actually cleared and occupied one-half an acre in the NW¼ NE¼, and this fact may not be dismissed as *de. minimis,* inasmuch as the one-half acre was a part of the field containing 26.53 acres, which was, of course, a larger improvement than appellee was required to make to obtain his deed, the law requiring only that 5 acres be cleared, fenced and placed in cultivation. But apart from this consideration, we hold that having actually occupied SW¼ NE¼, he was also in possession of NW¼ NE¼, this being a part of the land described in his donation certificate. It is undisputed that appellee held this possession under his donation certificate for a period of more than two years before this suit was filed. The recent case of *Honeycutt* v. *Sherrill, ante,* p. 206, 179 S. W. 2d 693, arose under somewhat similar facts and announces the principles which are controlling here. There, the Cache River Drainage District obtained, through the foreclosure of its lien for delinquent assessments, a deed from the commissioner who sold the land under the order of the court, this deed being dated January 2, 1928. Notwithstanding this foreclosure, and the execution of the deed pursuant thereto, the land there in question was sold and forfeited to the state in 1932 for the 1931 general taxes assessed against it. The opinion recognizes and states the law to be that the land having previously been acquired by the drainage district was not thereafter subject to assessment for the general taxes while the title remained in the drainage district.

In that case a donation certificate was issued by the state land commissioner on February 22, 1939, under

which possession was held for a period of more than 2 years, as in this case. It was there said that: "The fact that the sale by which the state obtained title was a nullity does not affect the validity of the title of one who enters land under a deed from the state, or a donation certificate, and holds it adversely for two years."

After citing cases which had construed the statute now appearing as § 8925, Pope's Digest, it was there further said: "The rule laid down in all of these cases is that this statute is a statute of limitation, and that actual, adverse possession under a tax deed from the state land commissioner (and, since the amendment by Act No. 7 of 1937, approved January 26, 1937, under a donation certificate), vests a good title in the occupying holder of the donation certificate or deed, regardless of any defect in the tax sale under which the state acquired title."

Here, by adverse possession, under a donation certificate, for a period of more than two years before the institution of this suit, appellee had acquired title to the 80-acre tract of land described in the donation certificate, and the fact that a survey of the land showed that only a small part of the N½ of the 80-acre tract had been actually occupied would not operate to divest a title which had already been perfected by possession.

The decree from which is this appeal conforms to these views, and it is, therefore, affirmed.