PITTS *v.* JOHNSON.

4-8275                                                     205 S. W. 2d 449

Opinion delivered October 27, 1947.

Rehearing denied December 1, 1947.

*J. C. Brookfield,* for appelant.

*Giles Dearing,* for appellee.

HOLT, J. September 28, 1937, the State Land Commissioner issued to appellee, Nelcy Johnson, a donation certificate to the following land in Cross county: "West half (W½) of the southwest quarter (SW¼) of section eighteen (18) in township seven (7) north, range four (4) east, containing 106.88 acres of land, more or less."

Johnson, with his family, went into immediate possession, built a house and barn and made other improvements. The land was wild and timbered. He cleared approximately 15 acres. After two years of occupancy, he made the necessary proof of entry and improvements and on December 27, 1939, the Commissioner of State Lands executed and delivered to him deed to the property.

July 31, 1940, Johnson sold and conveyed this land to appellee, Mrs. Mary Farris, who has had possession and has occupied the land since the sale to her.

September 4, 1943, appellant, J. C. Brookfield, instituted this suit in which he alleged, in substance, that he was the owner of land in section 19, which joins section 18 on the south. That he also owned by seven years or more of adverse possession, a strip 272 feet wide, approximating 20 acres in section 18, along the south boundary line of section 18. He further alleged that "the defendant, Nelcy Johnson, obtained a deed from the State of Arkansas, which deed is dated December 27, 1939, conveying said real estate under a tax forfeiture for the taxes for the year 1926, * * * ."

That the State's tax sale was void for a number of reasons which he assigned. He further alleged that "Johnson conveyed said land to Mrs. Mary Farris (appellee), which deed is dated July 31, 1940." He also claimed ownership.

His prayer was that the deeds to Johnson and Farris be canceled as a cloud upon his title and that title be confirmed and quieted in him.

Appellees, in their answer, admitted "that the defendant, Nelcy Johnson, obtained a deed from the State of Arkansas to said forfeited lands, and alleged that the said defendant, Nelcy Johnson, went into possession of said lands under the deed from the State of Arkansas under date of December 27, 1939, and that he held the exclusive possession of said lands from that date until he sold same to this defendant, Mary Farris, and that the said Mary Farris has been in the exclusive possession of said lands ever since she purchased same from said Nelcy Johnson which was in July, 1940, and that she and her grantor, Nelcy Johnson, have held the exclusive possession of said lands more than two years prior to the filing of this action by these alleged plaintiffs."

The trial court found the issues in favor of appellees and dismissed appellants' complaint for want of equity.

This appeal followed.

The primary question presented is whether appellant, Brookfield, obtained title to the 20-acre tract, *supra,* by adverse possession of seven years or more (§ 8925, Pope's Digest) and therefore entitled to have his title quieted and confirmed as against appellees.

It was undisputed here that appellant, Brookfield, had no paper title or color of title to the 20 acres in question. His sole claim of title was by adverse possession. In these circumstances, the general rule is stated in *Culver* v. *Gillian,* 160 Ark. 397, 254 S. W. 681, as follows: "One of the defenses to the suit is that the defendant has title to the lots in question by adverse possession. It will be observed that he does not claim to have entered into possession of the lots under color of title. In cases of adverse possession under color of title, the actual possession, by presumption of law, is constructively extended to the limits defined in the paper conveyance which gives color of title. In the case, however, of adverse possession without color of title, the adverse possession is limited to the land actually adversely occupied. Here the defendant does not claim adverse occupancy under color of title.

"While, in such cases, to constitute an adverse possession, there need not be a fence or building, yet there must be such visible and notorious acts of ownership exercised over the premises continuously, for the time limited by the statute, that the owner of the paper title would have knowledge of the fact, or that his knowledge may be presumed as a fact . . ."

It is undisputed that Nelcy Johnson went into possession of this land September 28, 1937, under a donation certificate from the State and after two years received deed from the State Land Commissioner, and remained on and improved the property until he sold to Mrs. Farris in July, 1940, and that Mrs. Farris has had possession and occupied the land since.

In these circumstances, appellees have acquired title to the land by two years' adverse possession under the

provisions of § 8925 of Pope's Digest. They acquired title even though the State's tax deed was void. "Where a purchaser of land has been in actual possession of the land under a tax deed for more than two years, he acquires title, regardless of the validity of the tax sale." *Chavis* v. *Henry*, 205 Ark. 163, 168 S. W. 2d 610.

In the recent case of *St. Louis Union Trust Co.* v. *Hillis*, 207 Ark. 811, 182 S. W. 2d 882, we said: "Where adverse possession is entered under color of title, the grantee in the instrument constituting color of title will be deemed in constructive possession of the entire body of land described in the instrument if in the actual adverse possession of any part thereof. The following, among other cases, are to the same effect: *Crill* v. *Hudson*, 71 Ark. 390, 74 S. W. 299; *Haggart* v. *Ranney*, 73 Ark. 344, 84 S. W. 703; *Boynton* v. *Ashabranner*, 75 Ark. 415, 88 S. W. 566, 91 S. W. 20; *Van Etten* v. *Daugherty*, 83 Ark. 534, 103 S. W. 737; *Flannigan* v. *Beavers*, 172 Ark. 28, 287 S. W. 755; *Rucker* v. *Dixon*, 78 Ark. 99, 93 S. W. 750."

While appellants claim that appellees were holding under a void tax deed, in construing the provisions of § 8925 of Pope's Digest, this court in *St. Louis Union Trust Co.* v. *Hillis, supra,* further said: "The rule laid down in all of these cases is that this statute (§ 8925) is a statute of limitation, and that actual, adverse possession under a tax deed from the State Land Commissioner (and, since the amendment by Act No. 7 of 1937, approved January 26, 1937, under a donation certificate), vests a good title in the occupying holder of the donation certificate or deed, regardless of any defect in the tax sale under which the state acquired title."

Has appellant, Brookfield, established his claim to the property by adverse possession?

While he testified that he had adversely occupied this 20-acre tract for more than seven years, we think the great preponderance of the testimony is against his contention. The evidence shows that this entire tract was covered with virgin timber with the exception of two small "patches" approximating less than three acres,

which had at one time been cleared, but had not been cultivated for many years, was covered with small timber and cut up with "gullies."

Appellee, Johnson, testified positively that the 20-acre tract in question was "wild and virgin timber," that he had cleared 15 acres and lived on the land with his family until he sold it to appellee, Mrs. Mary Farris, that no one else occupied any part of the land after he donated it in 1937 except Mrs. Farris, that he had had the boundary line between sections 18 and 19 surveyed by Mr. Newsum, a surveyor of 40 years' experience, and that the tract belonged to him. He admitted that two small "patches" of this tract had at one time been cleared, but for many years had not been cultivated, had grown up in timber, and contained many "gullies." There was testimony of several other witnesses, which corroborated Johnson.

After a careful consideration of all the testimony, we are of the opinion that the chancellor's findings are not against the preponderance thereof, and accordingly, the decree must be, and is affirmed.