Lu Ann Lamb PENLAND and John Penland *v.*
Bryan D. JOHNSTON and Melissa L. Johnston

CA 06-365                                         242 S.W.3d 635

Court of Appeals of Arkansas
Opinion delivered November 8, 2006

*Barbara P. Bonds*, for appellants.

*J. Slocum Pickell*, for appellees.

TERRY CRABTREE, Judge. Appellants Lu Ann and John Penland bring this appeal from an order of the Saline County Circuit Court finding that appellees Melissa and Bryan Johnston had met their burden of proving that they had a prescriptive easement over the Penlands' property and that the Johnstons had proved that they adversely possessed the disputed area. We dismiss the appeal for lack of a final order.[1]

The Johnstons own a 1.57-acre tract that adjoins the northwest corner of the Penlands' land.[2] According to one survey, there is some overlap between the two properties. A county road, Cholla Lane, runs across the northern part of the Penlands' property but ends prior to reaching the Johnstons' property. The Johnstons use a gravel drive from their property across the Penlands' property for approximately seventy feet to reach Cholla Lane. In March 2004, the Penlands asked the Johnstons to sign a document indicating that they consented to the abandonment and closure of Cholla Lane. When the Johnstons refused to sign, the Penlands erected a gate across Cholla Lane.

On April 21, 2004, the Johnstons filed suit against the Penlands and a John Doe, seeking a determination that they had a prescriptive easement over, or adversely possessed, certain property belonging to the Penlands. They also sought damages for trespassing on their property. The Penlands answered, asserting that Cholla Lane was not a county road and denying the remaining allegations of the complaint.

After trial, the court ruled that the Johnstons had sustained their burden of proof, showing they had acquired title by adverse possession and that they had acquired a prescriptive easement across the disputed area. As noted above, this court dismissed the Penlands' first appeal. The Penlands then sought to modify the prior order so as to dismiss the John Doe defendant and to dismiss the Johnstons' remaining claims. An amended and substituted

---

[1] We dismissed this case once before for lack of a final order due to the failure to address all of the claims and the presence of a "John Doe" defendant. *Penland v. Johnston*, No. CA05-515 (Ark. App. Dec. 14, 2005).

[2] Melissa Johnston's parents, Jerry and Sharon Hope, also are owners of the property.

order was entered on February 14, 2006, repeating the earlier findings that the Johnstons proved both a prescriptive easement and adverse possession. The court also dismissed the John Doe defendant and dismissed the claims for damages, injunctive relief, and ejectment. This appeal followed.

Under Ark. R. App. P. – Civil 2(a)(1), an appeal may be taken from a final decree entered by the trial court. This portion of Rule 2 has been interpreted to mean that, for an order to be appealable, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Ford Motor Co. v. Harper*, 353 Ark. 328, 107 S.W.3d 168 (2003). The order must be of such a nature as to not only decide the rights of the parties, but also put the court's directive into execution, ending the litigation or a separable part of it. *Id.*

In a long line of cases, the supreme court has held that a trial court's decree must describe the boundary line between disputing land owners with sufficient specificity that it may be identified solely by reference to the decree. *Petrus v. Nature Conservancy*, 330 Ark. 722, 957 S.W.2d 688 (1997); *Riddick v. Streett*, 313 Ark. 706, 858 S.W.2d 62 (1993); *see also Harris v. Robertson*, 306 Ark. 258, 813 S.W.2d 252 (1991); *Rice v. Whiting*, 248 Ark. 592, 452 S.W.2d 842 (1970); *McEntire v. Robinson*, 243 Ark. 701, 421 S.W.2d 877 (1967). In *Petrus*, the supreme court held that, because the decree contemplated a survey to provide a description, it was required to dismiss the appeal for lack of a final order.

There is a second line of cases that hold that dismissal is not always necessary, however. When nothing remains to be done, but a trial court's decree does not describe a prescriptive easement with sufficient specificity so that it can be identified solely by reference to the decree, we may remand for the trial court to amend the decree and provide the easement's legal description. In *Rice v. Whiting, supra*, the decree had ordered the boundary lines to be fixed in accordance with a blazed line and monuments set forth in a survey. The supreme court remanded the case to the trial court for the establishment of the boundary lines with such certainty that they could be identified by reference to the decree. In *Johnson v. Jones*, 64 Ark. App. 20, 977 S.W.2d 903 (1998), we remanded in part so that the trial court could amplify and correct the decree by adding a precise legal description of an easement, which had been described in the decree as a line for which no width was given. In *Jennings v. Burford*, 60 Ark. App. 27, 958 S.W.2d 12 (1997), we granted leave to the trial court, under Arkansas Rule of Civil

Procedure 60, to amend the decree by adding a more specific description of the boundary line between the parties' land. In that case, the decree had described the boundary line as a meandering fence reflected by a survey.

We believe that the present case falls within the *Petrus* line of cases because nowhere in the circuit court's decree is the property awarded to the Johnstons identified. Nor does the record appear to contain sufficient evidence to permit the trial court to set forth the specific description of the prescriptive easement or the property appellees have adversely possessed without further proceedings. Ordinarily, one who enters adversely under color of title and actually possesses any part of the tract is deemed to have possession of the entire area described in the document constituting color of title. *Petrus, supra*; *Bailey v. Martin*, 218 Ark. 513, 237 S.W.2d 16 (1951); *St. Louis Union Trust Co. v. Hillis*, 207 Ark. 811, 182 S.W.2d 882 (1944). Obviously, neither the trial court nor the parties intended for this settled rule of property to apply to the circumstances here, because the Johnstons claimed only to the fence line along the south edge of Cholla Lane. One of the surveys introduced in the present case indicates some overlap between the descriptions in the parties' respective deeds. There was no testimony by either surveyor to explain the basis for their survey lines. The permanent record in a boundary-line decision should describe the line with sufficient specificity that it may be identified solely by reference to the order. *See Petrus, supra*. Otherwise, leaving those lines to be established by a future survey may likely result in additional disputes, litigation, and appeals. Again, the case law that requires a circuit court decree to fix and describe the boundary lines in a dispute between landowners discourages piecemeal litigation. *Id.*

Appeal dismissed.

ROBBINS and NEAL, JJ., agree.