SLIP OPINION



# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–13–93

MARY KEATING and KEATING
FAMILY LIMITED PARTNERSHIP
                          APPELLANTS

V.

FANNY E. MASON ET AL.
                          APPELLEES

**Opinion Delivered** SEPTEMBER 11, 2013

APPEAL FROM THE UNION
COUNTY CIRCUIT COURT
[NO. CV-08-5-6]

HONORABLE DAVID F. GUTHRIE,
JUDGE

DISMISSED

## BILL H. WALMSLEY, Judge

Appellant Mary Keating, as general partner of the Keating Family Limited Partnership, filed suit to establish an easement across timberland owned by appellees, heirs of W.E. Mason. Following a bench trial, the trial court denied the easement sought by the Keatings along the eastern side of the Masons' property. However, the trial court granted an easement along the western side of the Masons' property. The Keatings now argue that they proved the existence of an easement on the eastern side of the property that had not been extinguished or abandoned and that the easement granted crossed a third party's property. We must dismiss the appeal, however, for lack of a final order.

In dismissing this appeal, we rely on *Petrus v. Nature Conservancy*, 330 Ark. 722, 957 S.W.2d 688 (1997), and its progeny. In *Petrus*, the supreme court held that the trial court's order was not final because it did not describe the property awarded with sufficient specificity that it could be identified solely by reference to that order. The order contemplated a future

SLIP OPINION

survey. We have followed *Petrus* in dismissing appeals where property is not adequately described and the record does not contain sufficient evidence to permit the trial court to set forth the specific description of the property without further proceedings. *See, e.g., Strange v. Mary K. Reed Trust*, 2012 Ark. App. 592; *Dohle v. Duffield*, 2011 Ark. App. 135; *Greenway Land Co. v. Hinchey*, 2010 Ark. App. 330; *Penland v. Johnston*, 97 Ark. App. 11, 242 S.W.3d 635 (2006).

In other cases with deficient property descriptions, dismissal is not necessary. When nothing remains to be done, we have decided the merits and remanded for the inclusion of a more specific legal description in the order. *See, e.g., Rice v. Whiting*, 248 Ark. 592, 452 S.W.2d 842 (1970); *Boyster v. Shoemake*, 101 Ark. App. 148, 272 S.W.3d 139 (2008); *Adams v. Atkins*, 97 Ark. App. 328, 249 S.W.3d 166 (2007); *Jennings v. Burford*, 60 Ark. App. 27, 958 S.W.2d 12 (1997). The orders in these cases all referenced existing surveys.

Here, the trial court granted the Keatings a "right of easement across the land of Mason in the NE1/4 of Section 22, Township 18 South, Range 17 West in Union County, Arkansas." There is no survey or other evidence in the record that would establish the exact location of the easement without further proceedings. Thus, this case is governed by the *Petrus* line of cases. Accordingly, we hold that the order is not final and dismiss the appeal without prejudice.

Dismissed.

GLADWIN, C.J., and HARRISON, J., agree.
*Thomas & Hickey, L.L.P.*, by: *Floyd M. Thomas, Jr.*, for appellants.
*Burbank, Dodson & Barker, PLLC*, by: *Gary R. Burbank*, for appellees.