FLEMING v. WEAVER.

Opinion delivered March 27, 1911.

1. LEVEES—DELINQUENT TAXES—PROCEEDING AGAINST NONRESIDENT.— Under Acts 1895, c. 71, § 1, amending the St. Francis Levee District Act, by which it is provided that notice of a suit to foreclose the lien of the district for levee taxes shall be given as against nonresidents of the county and the unknown owners by publication of a warning order, which shall contain a description of said lands, *held* that the unoccupied land of a nonresident owner must be proceeded against in the manner pointed out by the statute, or the proceeding will be void, nor does the court acquire jurisdiction by reason of a warning order against such owner describing other land of same owner duly proceeded against. (Page 457.)

2. TAXATION—DELINQUENT TAXES—WHO IS OWNER.—One holding a certificate of purchase at a tax sale before the period of redemption has expired can not be proceeded against as the owner of the land in a proceeding under Acts 1895, c. 71, to collect delinquent levee taxes. (Page 458.)

Appeal from Crittenden Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

*Wm. M., George* and *Wassell Randolph,* for appellants.

1. The chancery court had jurisdiction. The redemption from the sales to Fleming could have been made at any time before June 9, 1904. Kirby's Dig. § 7095. The act of 1893, § § 7-10, was followed. Acts 1895, pp. 88-90. The decree is conclusive. 74 Ark. 174; 204 U. S. 241. It is immaterial that the ownership of land is incorrectly alleged, or that the owner not named as a party. 74 Ark. 104. The suit is *in rem.* Acts 1895, p. 89; 74 Ark. 180. Failure to get notice is the owner's misfortune, and he must abide the consequences. 130 U. S. 559. Personal notice or knowledge not requisite. 204 U. S. 262; 55 Ark. 434-5; 57 Ark. 49. The court had jurisdiction of the subject-matter;

this is sufficient. 79 Ark. 19, 29; 76 Ark. 465; 94 Ark. 519; 127 S. W. 718.

Published notice of the pendency of the suit, as required by the act, and a recital in the decree to that effect is conclusive on collateral attack. 127 S. W. 983; 77 Ark. 477.

3. A tax-purchaser is the owner of the land until redemption. 41 Ark. 63; 74 Ark. 343, 348; 56 Ark. 145, 146, 7. A certificate of purchase from the tax collector is color of title. 71 Ark. 386: *Ib.* 390.

Under section 7114, Kirby's Digest, no inquiry into the validity of the assessment or levy of taxes or validity of the proceedings of the chancery court can be had. 52 Ark. 400; 50 *Id.* 188; 22 *Id.* 118; 24 *Id.* 519; 49 *Id.* 336.

5. Want of jurisdiction must be affirmatively shown. 5 Ark. 424; 21 *Id.* 364; 117 U. S. 255, 270-1; 66 Ark. 1; 68 *Id.* 211; 70 *Id.* 88; 71 Ark. 480; 72 Ark. 101, 107-8; 93 Ark. 490.

*Norton & Hughes,* for appellee.

The levee decree is void for want of jurisdiction. *Van Etten* v. *Daugherty,* 83 Ark. 534. The defense of *res judicata* cannot be invoked when the judgment is void. 8 How. 540. The case of *Hall* v. *Morris,* 94 Ark. 519 and 127 S. W. 718, does not apply, for there the court had jurisdiction of the person and the land. In this case the nonresident owner was not even constructively summoned.

Personal service is not sufficient to impound the *res,* either actually or constructively. 2 Black on Judg. § § 794, 809; 74 Fed. 515; 10 Wall. 308-317.

McCULLOCH, C. J. This case involves the title to two tracts of land in Crittenden County, and turns on the question of validity of a sale of the land under decree of the chancery court of that county to enforce payment of the levee assessment of the Board of Directors of St. Francis Levee District.

At the time the suit to collect the levee assessment was commenced the lands in controversy were wild and unoccupied, and were owned by O. C. Friedlander, one of appellee's grantors, who was a nonresident of the State. The lands had been sold to one Henry Fleming by the collector for State and county taxes. The time for redemption had not expired, but the lands were unredeemed and stood on the tax books in the name of Fleming.

They were proceeded against as the lands of Fleming, and, being a resident of the county, he was summoned to appear in the suit. They were not proceeded against as the lands of a nonresident, and were not embraced in the warning order published.

Did the court have jurisdiction to decree a sale of the lands for unpaid levee assessments?

The statute authorizing the foreclosure proceedings reads, in part, as follows:

"Notice of the pendency of such suit shall be given as against nonresidents of the county and the unknown owners by publication weekly for four weeks prior to the day of the term of court on which final judgment may be entered for the sale of said land, * * * which public notice shall be in the following form:" The specified form of notice contains this provision: "There shall follow a list of supposed owners, with a description of said delinquent lands and amounts due thereon respectively," etc.

The statute contains the further provision with respect to resident owners and occupied lands:

"As against any defendant who resides in the county where such suit may be brought, and who appears by the record of deeds in said county to be the owner of any of the lands proceeded against, notice of the pending suit shall be given by the service of personal summons of the court at least twenty days before the day on which said defendant is required to answer, as set out in said summons. * * * And, provided further, actual service of summons shall be had when the defendant is in the county or when there is an occupant upon the land." Acts of 1895, c. 71, § 1, pp. 89, 90.

This court in *Van Etten* v. *Daugherty,* 83 Ark. 534, speaking of the proceedings authorized by this statute, said: "While the judgment is in the nature of a proceeding *in rem,* in that it can only be enforced against the lands and not against any other property or estate of the defendant, yet, in order to give the court jurisdiction to render the judgment, it is necessary that the mode of obtaining jurisdiction prescribed by the statute be strictly pursued. The proceedings for divesting the owners, resident and nonresident, known and unknown, of their estate in the lands subject to the levee tax derive their only sanction from the statute, and the court must see that its provisions as to jurisdic-

tion are complied with, or their judgments will be utterly void, and, of course, subject to collateral as well as direct attack."

In that case the court decided that such a judgment of condemnation, based on constructive service, was void on collateral attack where the defendant was a resident of the county at the time of the publication, or where there was an occupant of the land.

It follows that where land is unoccupied, and is owned by a nonresident who is not personally served in the county with process, it must be proceeded against in the manner pointed out by the statute, that is to say, by being described in the warning order so as to give the owner constructive notice of the pendency of the suit. In no other way can the court acquire jurisdiction, and the judgment of condemnation is void unless jurisdiction is thus acquired. It is not sufficient to serve a summon on some other person not the owner or occupant of the land. Nor does the court acquire jurisdiction by reason of the warning order containing the description of other lands proceeded against of the same owner, for the statute provides that the lands must be described in the warning order; and unless this provision of the statute be complied with, or the owner or occupant be summoned, the court fails to acquire jurisdiction.

We held in *Hall* v. *Morris*, 94 Ark. 519, that personal service of summons on a person gave the court jurisdiction to condemn all lands owned by that person, whether assessed and proceeded against in the name of that person or not. But that rule can not be extended so as to cover a case of this sort where the owner is only constructively summoned by publication of a warning order, for the statute requires that, in order to give the nonresident owner notice of the pendency of the suit, a description of the land must be contained in the warning order, and we cannot ignore this mandatory provision of the statute.

The fact that Henry Fleming held a certificate of purchase at tax sale did not authorize proceeding against him as the owner of the land. He was not the owner before the period for redemption expired.

Other principles so earnestly pressed by learned counsel for appellant need not be discussed, for we are of the opinion that a proper application of the principles announced by this court in

*Van Etten* v. *Daugherty, supra,* is conclusive of the questions now presented. So the decree of the chancellor is affirmed.