COLLAR *v*. CROWLEY.

4-6448                                                      155 S. W. 2d 578

Opinion delivered November 10, 1941.

1160

*Rhine & Rhine* and *House, Moses & Holmes,* for appellant.

*Light & Light,* for appellee.

SMITH, J.  The Greene & Lawrence Counties Drainage District No. 1 was organized under the provisions of act 318 of the Special Acts of the General Assembly of 1911.  The district borrowed $260,000 from the State National Bank of Little Rock, and issued its bonds to the bank for that amount.  Betterments were assessed amounting to $567,990.25, and assessments against the benefits of 3 per cent. were levied for each of the years 1912, 1913, 1914, and 1915.  Only interest was to be paid during these four years.  For the next sixteen years, or until and including 1931, portions of the principal were payable.  An order of the county court was entered showing the amount payable each year.  All landowners in the district were, of course, affected with constructive notice of this order, and had this constructive notice been made actual it would have appeared that the last taxes to be paid were those for the year 1931.

Appellant owned an improved 80-acre farm in the district, on which she had paid the taxes originally extended on the tax books against her lands, including those for the year 1931.  No taxes were extended for the year 1932.

On October 14, 1932, the board of directors of the drainage district adopted the following resolution:

"Resolution

"At a meeting of the Board of Directors of Greene & Lawrence Counties Drainage District held on the 14th day of October, 1932, the following resolution' was adopted:

"Be and it hereby is resolved: That for the year 1933 there be levied and collected as against all the lands in Greene & Lawrence County Drainage District an assessment of 2% of the betterments heretofore made as against said lands in said district.

"Be it further resolved: That the Secretary be and he hereby is instructed to certify a copy of this resolution to the county courts of Greene and Lawrence Counties, Arkansas, to the end that they may cause said levy to be made and extended as against said lands by the respective clerks of said counties.

"I, J. L. Tyner, Secretary of the Board of Directors of Greene & Lawrence County Drainage District, hereby certify that the above and foregoing resolution was adopted at a meeting of the Board of Directors held on the 14th day of October, 1932.

"Witness my hand this 19th day of October, 1932.
　　　　　　　　　"J. L. Tyner
　　　　　　　　　"Secretary Board of Directors
　　　　　　　　　"Greene & Lawrence County
　　　　　　　　　"Drainage District."

Pursuant to this resolution the county court entered the following order:

"Greene County Court Record

"In the Matter of Greene and Lawrence County Drainage District } Order

"It appearing from a resolution adopted by the Board of Directors of Greene and Lawrence County Drainage District on the 14th day of October, 1932, that it will be necessary to levy and collect in the year 1933

an assessment of 2% of the betterments made as against the lands in said district, the premises being by the court seen and considered.

"It is, therefore, by the court considered, ordered and adjudged that the said assessment of 2% of the betterments as against the Greene county lands in Greene and Lawrence Drainage District as made by the Board of Directors of said district is hereby confirmed, and the clerk of this court is hereby ordered to make extension of said assessment as against said lands on the tax books covering taxes to be collected in the year 1933.

"Geo. H. Rogers

"County Judge."

Pursuant to this order of the county court an assessment of 2 per cent. against the betterments was levied which appellant failed to pay. Her land was returned delinquent, and along with certain other lands was ordered sold under a decree of the chancery court rendered April 9, 1934, foreclosing the district's lien for unpaid taxes. In obedience to this decree the commissioner appointed under it sold appellant's lands on October 20, 1934, for the sum of $12.34, this being the amount of taxes extended against it. In due course the purchaser received the commissioner's deed, which was duly approved. The purchaser died, and in 1940, his heirs-at-law brought suit in the circuit court to recover possession of the lands. On motion the cause was transferred to the chancery court, where a decree was rendered awarding possession to the plaintiffs, from which decree is this appeal.

The cause was submitted on the pleadings, consisting of the complaint and answer and an amended complaint, which contained the following allegations. The 2 per cent. of the betterments for which the lands were sold was merely a reduction of the 6 per cent. installment previously extended against the lands which had not been collected. In other words, it was for the collection of a tax previously authorized but not extended against the lands for the full amount.

It is agreed that the record presents for decision no question of fact, and that the decision of the cause turns

upon the construction of § 11 of Special Act 318 of 1911, p. 886, which reads as follows: "If the tax levied shall prove insufficient to complete the improvement, the board shall report the amount of the deficiency to the county courts of Greene and Lawrence counties, and said county courts shall thereupon make another levy on the property previously assessed for a sum sufficient to complete the improvement; which shall be collected in the same manner as the first levy; provided, that when any work has been begun, under the provisions of this act, which shall not be completed and paid for out of the first or other levy, it shall be the duty of said county courts to make such levy for its completion from year to year, until it is completed; provided, that the total levy shall in no case exceed the value of the benefits assessed on said property, and the performance of such duty may be enforced by mandamus, at the instance of any person or board interested."

It is conceded by appellant that the district had the power to levy this 2 per cent. assessment or, for that matter, any other per cent. of the original assessment of benefits not exceeding the whole amount thereof to pay the debts of the district; but the question is whether the commissioners complied with the requirements of the act in the exercise of that power.

Here, the property owner had paid her taxes continuously and consistently for twenty years, and had paid the taxes extended for the year 1931, this being the last year for which taxes had been assessed in the order of the court above referred to. Appellant had not paid all the taxes assessed against her lands originally, nor did she pay all that might subsequently have been levied. The district had not exhausted the power conferred by the act to levy taxes, but before any levy for any additional year later than 1931 could be imposed the act required that the board of directors should report any deficiency to the county court.

It is not contended that the board made any report of a deficiency in its revenues to discharge its obligations, nor was it shown in the resolution of the board how the deficiency had arisen, that is, by the failure to collect

taxes previously imposed. Appellant had the right to assume, and, no doubt, did assume, that she had discharged the lien of the drainage district against her lands by the twenty consecutive payments from and including 1912 to 1931. This assumption was supported by the fact that no taxes were extended for the year 1932. Now, while authority existed to extend other taxes, that authority was derived from the subsequent action of the county court, to be based upon the report of the commissioners of the district showing the deficiency and the amount thereof making a levy subsequent to 1931 necessary.

It is true the district was not required by the act to give notice to the landowners that an additional levy had been made, and it may be true that the landowners might not have known of this order even though the law authorizing it had been complied with. But the question here is the one of power or, rather, how a power to levy taxes may be exercised, and here the provisions of the act are that the power is to be exercised upon a report of the board showing a deficiency and the amount thereof. No such report was made.

It was said in the case of *Fleming* v. *Weaver*, 98 Ark. 455, 136 S. W. 189, that ''The proceedings for divesting the owners, resident and nonresident, known and unknown, of their estate in the lands subject to the levee tax derive their only sanction from the statute, and the court must see that its provisions as to jurisdiction are complied with, or their judgments will be utterly void, and, of course, subject to collateral as well as direct attack.'' The language just quoted appears in the opinion in the case of *Van Etten* v. *Daughterty*, 83 Ark. 534, 103 S. W. 737, and the question there involved was the sufficiency of the service of process upon the landowner to confer jurisdiction upon the court to order the foreclosure of the lien of an improvement district for delinquent taxes; but it is, of course, as essential that the law providing how a tax lien may be imposed be complied with as it is that the law in reference to the enforcement of the lien be complied with. *Alexander* v. *Capps*, 100 Ark. 488, 140 S. W. 722.

The failure to file the report of deficiency relates to the power to sell, as it was the jurisdictional fact upon which the right to make the additional levy depended. Lacking this, the jurisdiction did not exist to assess the 2 per cent. betterment, and the decree of the court below will be reversed and the cause will be remanded with directions to permit the redemption which appellant offered to make.