## McConnell v. Swepston.

Opinion delivered January 21, 1899.

1. Adverse Possession—Tax-Title.—Two years' continuous adverse possession of land under a tax deed is sufficient, under Sand. & H. Dig. § 4819, to confer an indefeasible title, unless there is a right to redeem, under Sand. & H. Dig. § 6615.   (Page 144.)

2. Tax-Sale—Right to Redeem—Assignment.—While the right given to a minor by Sand. & H. Dig., § 6615, to redeem his land from a tax-sale passes to his vendee, it will not pass to one who has purchased a minor's equity of redemption in his ancestor's land at a foreclosure sale of a mortgage given by such ancestor.   (Page 144.)

Appeal from Mississippi Circuit Court in Chancery.

Felix G. Taylor, Judge.

### STATEMENT BY THE COURT.

On the 16th of March, 1886, one B. F. McConnell and his wife executed a mortgage on certain lands to Hill, Fontaine & Co. The mortgagor, McConnell, died in December, 1887, leaving a widow and minor heirs. Suit was begun in 1891 to foreclose the mortgage. The widow and minor heirs of McConnell

were made parties, and were properly before the court. Decree of foreclosure was properly rendered in 1894, and the lands in controversy ordered sold. Accordingly, the lands were duly sold in 1894, and .Hill, Fontaine & Co. were the purchasers. Afterwards Jerome Hill and J. H. Martin, then members of the firm of Hill, Fontaine & Co., conveyed their interest in said lands to N. Fontaine and N. Hill, defendants and cross-complainants in this suit. In December, 1895, a writ of possession issued from the circuit court requiring the sheriff to dispossess Mrs. E. G. McConnell, the mortgagor aforesaid, of the lands mentioned, and to deliver possession of same to N. Fontaine and N. Hill in pursuance of the decree of foreclosure above mentioned in case of Hill, Fontaine & Co. v. Mrs. E. G. McConnell et al.

This suit was instituted by the appellant, W. H. McConnell, to enjoin the enforcement of said writ. The plaintiff set up that he was the owner of the lands of which possession was thus sought by virtue of tax deeds executed in 1891. He claimed that the lands were sold in 1889 for the taxes of 1888, and that one Smith became the purchaser, who transferred his certificate of purchase to the plaintiff, and that plaintiff obtained from the clerk the tax deeds. He further claimed that said lands had been, ever since the obtaining of said deeds, held by him as the owner for more than two years.

The defendants, Hill and Fontaine, in their answer admit that the lands were sold for the non-payment of the taxes of 1888, but allege that the sale was void for various reasons (unnecessary to set out), and deny that plaintiff had been in the possession of said land as claimed, and deny that he was the owner thereof; allege that plaintiff did not buy the lands in good faith, but that said lands were bought for the widow and minor heirs, etc. The answer further set up the payment of taxes by defendants (appellees) from 1890 to 1895 inclusive. And by way of cross-complaint the defendants set up their title as derived through the foreclosure proceedings above mentioned. And they alleged that they had offered to redeem said lands from plaintiff, and that he had refused to allow them to redeem. They set up that the heirs were all still minors except one, and that two years had not expired since he attained his

majority, and they claimed the right to redeem, and prayed to be allowed to do so.

Plaintiff, in answer to cross-complaint of defendants, denied all the material allegations thereof.

The trial court adjudged that said tax sale, and deeds in pursuance thereof, were void, but that plaintiff had been in possession for more than two years under said tax deeds; further, that the defendants should be allowed to redeem said lands; and accordingly granted the prayer of their cross-complaint in that particular.

Both sides appealed, the plaintiff below from the decree allowing the defendants and cross-complainants the right to redeem, and the defendants below appealed from so much of the decree as held that the void tax deeds were not a meritorious defense to plaintiff's complaint.

*W. G. Weatherford*, for appellant.

Adverse possession for two years, under tax deeds proper in form, bars recovery. 59 Ark. 450; 60 Ark. 163; *id*. 499. The mortgagees had the right to redeem within two years. 39 Ark. 584; 42 Ark. 221. The purchaser at foreclosure sale gets only such title as the mortgagor had. 8 Am. & Eng. Enc. Law, 273; Jones, Mortg. § 1654. The privilege of a minor to redeem within a certain period after becoming of age does not pass to any except the minor's own vendees. 49 Ark. 553; 52 Ark. 145; 21 Ark. 319.

*W. D. Wilkerson*, for appellees.

The tax sale and deed were void because the tax was in excess of the legal amount. 32 Ark. 416; 42 Ark. 100; 56 Ark. 93; Sand. & H. Dig. § 6416. The minor's right of redemption within two years after majority is not a personal one, but extends to the vendee of the minor. 49 Ark. 551; 35 Ia. 47; 39 Ark. 584; Cooley, Tax Tit. 366; Blackwell, Tax Tit. 420; 25 Am. & Eng. Enc. Law, 411.

WOOD, J., (after stating the facts.) The allegation of the answer that plaintiff did not buy said lands in good faith was not sustained by the proof. The proof tended to show that plaintiff had been in possession of the lands under his tax

deeds continuously and adversely for more than two years before the filing of the answer and cross-complaint of the defendants. The allegations of the cross-complaint and the answer thereto show clearly that, considering defendants in the light of cross-complainants, this was a suit by them for the possession or recovery of the lands in controversy. The court therefore did not err in holding that cross-complainants were not entitled to recover, notwithstanding the invalidity of the tax deeds under which the plaintiff claimed. The two years' possession under said deeds gave plaintiff the title, unless the defendants had the right to redeem. *Cooper* v. *Lee*, 59 Ark. 450; *Woolfork* v. *Buckner*, 60 Ark. 163; *Finley* v. *Hogan*, 60 Ark. 499.

Did defendants below have the right to redeem? They assert such right as purchasers under the mortgage foreclosure, by which they claim to have succeeded to the rights of the minor heirs to redeem from the tax sale.

The title which the purchasers acquired at the sale under the mortgage foreclosure was in exclusion of the minors, and in spite of them. The title thus acquired was not from nor under the minors at all. The foreclosure proceedings as to the minors was *in invitum*. They did not voluntarily part with any interest that they might have had in the land. They had no interest in fact, except an equity of redemption, for their father had conveyed same by mortgage. The purchasers at the mortgage sale succeeded to all the rights of the mortgagor. The title they acquired was only such title as the mortgagor had at the time of the execution of the mortgage. The mortgagor himself, had he been living, could not have redeemed from the tax sale after two years. Neither could the defendants, who succeeded to the rights and title he had at the time the mortgage was executed.

This court in *Neil* v. *Rozier*, 49 Ark. 551, held that the right of redemption, under § 5772, Mansf. Dig. (§ 6615, Sand. & H. Dig.), is not personal to the minor, but may be enforced by his vendee. But, as explained by this court in *Bender* v. *Bean*,' such conclusion was reached only by virtue of the statutory recognition of the minor's vendee; otherwise, it would have been held that the privilege was strictly personal.

*Bender* v. *Bean*, 52 Ark. 145. The right to redeem is not an estate in the lands, but only a statutory privilege to defeat the tax purchaser's title within a limited time. It passes to the vendee of the minor, but it can be exercised only by one to whom the minor has voluntarily transferred his interest, and not by one who has acquired the estate in opposition to the minor. Only the benefit to accrue to the minor was in the mind of the legislature when it passed the act.

The court finds, and the evidence shows, that the defendants, cross-complainants below, paid the taxes on the lands in controversy for the years 1890 to 1895, inclusive. Cross-complainants are therefore entitled to a judgment for these taxes, and to have same declared a lien upon the land.

Reversed and remanded, with directions to proceed in accord with this opinion.