## McComb v. Saxe.

### Opinion delivered November 22, 1909.

1. ADVERSE POSSESSION—NOTORIETY.—Enclosing land with a three-wire fence, without any other improvements, is sufficient to put the owner of the land on notice that his rights are invaded. (Page 323.)

2. SAME—INTERRUPTION.—The continuity of the possession of land by virtue of a fence maintained thereon is not broken by occasional breaches in the fence due to high water which were repaired as soon as the water went off. (Page 324.)

Appeal from White Chancery Court; *John W. Martineau* Chancellor; affirmed.

*S. Brundidge, Jr.,* and *Harry Neelly,* for appellant.

1. There are no such acts of adverse and hostile possession shown in this case as to give appellee title to the land. There is no building on the land; none of it placed in cultivation, and the only visible evidence of improvements of any kind is the two or three wires strung on trees or temporary posts around some part of it in order to use it for pasturing stock, and the evidence shows that it is the common custom in that part of the country to construct such fences, without regard to the lines of the lands or the ownership thereof. One claiming title by adverse possession is not favored in law, but is held to strict proof of all things necessary to make good his claim. All presumptions

are in favor of the holder of the legal title. 29 N. J. L. 319; 157 Ill. 430; 89 Wis. 426; 71 N. E. 822; 69 N. E. 519; 23 N. E. 154; 68 Mo. 400.

2. There is here no such substantial inclosure as is contemplated in law. 90 Fed. 575. An inclosure of the character shown in this case, which was permitted to remain down throughout a considerable portion of each year, is not only not a substantial inclosure, but shows that it is only erected for temporary use, adds nothing to the value of the land, constitutes no notice of adverse claim or holding, and amounts to nothing more than periodical acts of trespass. 81 Ark. 303; 68 Ark. 551; 75 Ark. 415; 76 Ark. 533; 64 Mich. 309; 22 Ill. 609; 41 N. J. L. 527; 22 Ill. 609; 65 Ark. 426; 42 Ark. 121; 140 Fed. 433; 54 N. E. 1018; 52 N. E. 569.

*J. H. Harrod,* for appellee.

Tested by the rule of law stated by Tiedeman in his work on Real Property (3rd Ed.), § 495, the decree must be sustained. "No particular act or series of acts is necessary to be done on the land in order that the possession may be actual. Any visible or notorious acts which clearly evidence an intention to claim ownership and possession will be sufficient to establish the claim of adverse possession."

McCulloch, C. J. Appellant, A. C. McComb, instituted this action in the chancery court of White County against appellee, G. R. Saxe, to quiet his title to a tract of land containing 320 acres. He deraigned title from the Government, and alleged that appellee was claiming title under a purchase from the administrator of the estate of one Pickett, who was one of the owners of the land in appellant's chain of title, and who conveyed the same during his lifetime to appellant's grantor. Appellee answered, claiming title to the land by adverse possession under color of title for more than seven years prior to the commencement of the action. The chancellor found from the testimony that appellee had held actual, open and notorious possession of the land for more than seven years under color of title, and sustained his plea of the statute of limitations. Decree was rendered accordingly against appellant, and he appealed to this court.

There is practically no conflict in the testimony. The lands are wild and uncultivated. Appellee lives in the State of Illinois, and usually makes annual trips to Arkansas to look after his lands. In 1896 or 1897, which was about ten years before the institution of this suit, appellee entered into an agreement with certain persons in White County engaged in the stock business whereby he agreed to allow said parties to inclose the lands in controversy with a fence, so that it could be used for grazing stock, and on condition that they would look after the lands for appellee and preserve the timber. They were to build the fence at their own expense. These parties inclosed the land with a wire fence stretched partly on trees and partly on posts set in the ground. It was constructed of from one to three strands of wire. The lands were used as pasture lands, and the fence has thus been maintained continuously from that time to the present, except that occasionally the fence would be broken in the spring of the year in times of high water, but would be immediately repaired as soon as the water went off, in order to hold the live stock. No part of the land was ever cleared, and no building of any kind was ever placed thereon.

It is insisted that these acts were not of sufficient notoriety to give title by limitation. But we do not agree with this contention. The correct rule on this subject is stated as follows: "No particular act or series of acts are necessary to be done on the land in order that the possession may be actual. Any visible or notorious acts which clearly evidence an intention to claim ownership and possession will be sufficient to establish a claim of adverse possession." Tiedeman on Real Property, 3 Ed. § 495.

It is not essential that there shall be buildings on the lands in order to claim actual adverse possession, nor that any part thereof shall be in cultivation. It is sufficient if the claimant notoriously occupies a visible relation to the land which is sufficient to put the true owner on notice that his rights are invaded. In other words, the claimant must exercise such acts of ownership and occupancy as are sufficient to "hoist his flag" over the lands, so that all may observe it. And he must continue those acts without a break, so as to keep the flag flying. In *Carpenter v. Smith,* 76 Ark. 447, we held that where a party fenced a portion of a tract of land with a three-wire fence for the purpose

of penning cattle thereon at certain seasons of the year, and also for the purpose of preserving it for hay-cutting, these were sufficient acts of adverse possession which, continued during the statutory period, gave title by limitation.

The occasional damage done to the fence in times of high water, where the same was repaired, was not sufficient to break the continuity of possession. *Robinson* v. *Nordman,* 75 Ark. 593. There is no evidence that the actual possession acquired in the manner indicated above was ever abandoned.

The decree of the chancellor is fully sustained by the evidence, and the same is therefore affirmed.