JONES *v.* TEMPLE.

Opinion delivered November 6, 1916.

1.  PROBATE SALES—NECESSITY FOR CONFIRMATION.—A sale of land under order of the probate court, is not completed until confirmed by the court, and the mere recital in a·deed that the same was sold pursuant to the orders of the court, is not evidence that the court approved the sale.

2.  PROBATE SALES.—CONFIRMATION.—No formal order of confirmation is necessary, but in order for the sale to be valid there must be something which expresses unqualifiedly the approbation of the court.

3.  TAX TITLES—CONTINUOUS POSSESSION.—Where a purchaser of land has been in actual possession of the land under a tax deed for more than two years, he acquires title, regardless of the validity of the tax sale.

4.  EVIDENCE—ADVERSE POSSESSION—BURDEN OF PROOF.—On the issue of adverse possession the burden of proof is always on the party who asserts it.

5.  ADVERSE POSSESSION—SUFFICIENCY OF THE PROOF.—Where defendant lived away from the land in issue most of the time, and where the house on it was unfit for human habitation, it will be held that he was not in the actual occupancy thereof.

6.  LACHES—DEFINITION—ACTION TO CLEAR TITLE.—Laches is not mere delay, but is delay that works disadvantage to another; so long as the parties are in the same condition, one of them claiming title to certain land, may assert it at any time within the limits of the law.

7. TITLE—ABSENCE OF CLAIMANTS—PRESUMPTION OF DEATH.—Where certain persons left the neighborhood in 1878, and were not heard of again, and where an action affecting title to land, in which they might have had an interest, was brought in 1914, their death will be presumed.

Appeal from Bradley Chancery Court; *Z. T. Wood,* Chancellor, affirmed.

*B. L. Herring* and *Will G. Akers,* for appellant.

1. Appellee can prevail only on the strength of her own title, not on the weakness of the appellants. 89 Ark. 289; 90 Ark. 420; 97 Ark. 368; 8 Michie's Enc. Dig., Ark. Rep., 403, § 6.

Where it can be gathered from the whole record that a sale of land of an estate pursuant to an order of the probate court had the approbation of the court, no formal order of approval was necessary. 72 Ark. 339, 342; 76 Ark. 146, 149.

2. Appellee's claim is stale. Even if the proceedings of the probate court evidencing the sale of the lands of the W. K. Duncan estate, were such that they could have been disregarded had a timely suit been brought, they should not now be open to such attacks, after the lapse of forty-five years.

While bare lapse of time is not of itself laches, yet acquiescence in the decrees and orders of courts of record for a great length of time is laches. 55 Ark. 86, 92; 210 Ill. 471, 102 Am. St. Rep. 180; 16 Cyc. 156, Sec. VIII; 44 Ark. 267, 270.

Appellant has title by adverse possession for two years, the statutory period.

*D. A. Bradham,* for appellee.

1. A judicial sale passes no title until it is confirmed, and confirmation will *not be presumed,* but must be shown. 47 Ark. 419; 45 Ark. 41; 54 Ark. 481; 111 Ark. 174-75; 62 Ark. 213. In this record there is no hint at a confirmation, but to the contrary the record shows affirmatively that there was no confirmation,

hence, *Ousler* v. *Robinson*, 72 Ark. 339-342, relied on by appellant, does not apply.

2. No laches is shown. The lands involved here were forfeited to the State under void sales and so remained until part of the lands were conveyed to Ed. Jones in 1916, and part to appellant in 1909. They have paid taxes only for one or two years since then, whereas appellee and her grantors have paid most of the taxes thereon since the date of these sales. The only improvement placed upon the lands was a partly built log house, not completed for habitation until after this suit was brought. No enhancement in value of the lands is shown. The facts stated in *Gibson* v. *Herriott*, 55 Ark. 93, are not helpful to appellant's contention. See also 103 Ark. 251.

3. Appellant's claim of title under the two years' statute of limitation is contrary to the facts shown in evidence. The burden was on him to prove such adverse possession for the statutory period. 1 Cyc. 1143-A; 61 Ark. 464; 65 Ark. 422. See also 23 Ark. 735; 92 Ark. 323.

4. For all legal purposes a presumption of death arises from the continued and unexplained absence of a person from his home or place of residence without any intelligence from or concerning him for a period of seven years. 104 Am. St. Rep. 198, *et seq.*, and note; 22 Ark. 90.

Hart, J. Effie Temple instituted this action in the chancery court against J. F. Jones to cancel the tax titles to certain tracts of land held by him. The chancellor granted the relief as to three of the tracts and entered a decree cancelling the title of the defendant to these three tracts. Two of these tracts comprised forty acres each and the other one eighty acres. The defendant has appealed. No appeal was taken by the plaintiff and for that reason we need only consider the three tracts of land as to which relief was granted her. The material facts are as follows:

The lands involved in this appeal were conveyed by the United States to the State of Arkansas as swamp and overflowed lands and in 1859 the State conveyed one hundred and twenty (120) acres of the lands to W. K. Duncan and the remaining forty to Geo. J. Duncan, a brother of William K. Duncan. In 1911, G. W. Duncan and Florence F. Robertson, the sole heirs at law of William K. Duncan, who had died, conveyed the land to Effie Temple. William K. Duncan died intestate about the year 1861. Administration was had upon his estate and the record shows that the administrator of his estate was ordered to sell his lands. There are no records of the probate court confirming any sale made by the administrator; nor is there any order referring to any such sale. There was introduced, however, a recorded deed from the administrator to Robert S. Parker conveying to him all the lands remaining unsold of said estate, including by a specific description, one of the forty acre tracts involved in this suit. All three of the tracts involved in the suit were forfeited to the State of Arkansas for the taxes due for the years 1870, 1871, 1872 and 1873. They remained upon the books in the State Land Office as State lands under the above forfeitures until July 9, 1906, when they were sold by the State to Ed. Jones. They were conveyed by Ed Jones to J. F. Jones on June 7, 1911. The chancellor found that the forfeiture of the lands to the State for the non-payment of taxes was void and it is not claimed upon this appeal that the chancellor erred in so finding. Therefore it is not necessary to further consider this feature of the case. It is well settled that the plaintiff must recover, if at all, upon the strength of her own title. The defendant seeks to reverse the decree as to the one hundred and twenty (120) acres to which plaintiff deraigns title from William K. Duncan by adverse possession under his tax deed. Defendant claims that plaintiff had no title to the forty (40) acres owned by Geo. J. Duncan because it is not shown that he is dead, and that G. W.

Duncan and Mrs. Florence F. Robertson were his heirs at law and had a right to convey the lands.

We will first consider the one hundred twenty (120) acres owned by William K. Duncan in his lifetime.

It is first contended by counsel for the defendant that the plaintiff acquired no title in these lands because the heirs at law of William K. Duncan had no interest therein. They insist that the title to these lands became invested in Robert S. Parker by the probate sale after the death of William K. Duncan. As we have already seen, the record shows that the probate court made an order for the administrator to sell the lands but there is nothing in the record or any order of the court confirming this sale. There was introduced, however, a deed from the administrator to Robert S. Parker, reciting that he had sold the lands pursuant to the order of the court and that Robert S. Parker was the highest bidder and the lands were knocked off to him.

(1-2) It is insisted by counsel for the defendant that this amounted to a confirmation of the sale and they cite to sustain their contention the following cases: *Ousler* v. *Robinson*, 72 Ark. 339; *Cowling* v. *Nelson*, 76 Ark. 146; *Jacks* v. *Kelley Trust Co.*, 90 Ark. 548. We do not think either one of those cases sustains the contention of counsel. In the first mentioned case there was an order of the court showing that the Commissioner who made the sale appeared in court and acknowledged the deed set up by the defendant and that the court ordered a copy of the order of acknowledgment to be endorsed on the deed. The order further recites that a writ of possession should be issued on demand of the purchaser. Thus there was an affirmative showing by the record itself that the court approved the sale. So too in the second mentioned case there was an order of record reciting that the Commissioners produced to the court their deed to the purchaser for the land, described it and the order concluded, "which is in all things approved and confirmed by the court."

The court said that while this related to the deed, it identified the prior transaction wherein the sale was ordered and must be treated as a confirmation of the sale. In the last mentioned case the deed to the purchaser had endorsed on it the words, "approved: M. T. Sanders, Judge of Phillips Circuit Court." The circuit court at that time exercised chancery jurisdiction and the court held that the endorsement was in effect an approval by the court. So it will be seen that in each of these cases there was an order of record or a formal notation on the deed itself signed by the judge showing that the sale had been made and the approval thereof. No such showing is attempted to be made in the present case. The recitals made in the deed that the land was sold pursuant to the orders of the court is no evidence whatever that the court approved the sale. The sale was not completed until confirmed by the court. The reason is that the court is the vendor and will confirm or reject the reported sale, or suspend its completion as the law and justice of the case may require. *Miller* v. *Henry*, 105 Ark. 261, and cases cited. This case is also authority that the state of record in the present case does not fairly admit of a construction that the court made an order confirming the sale. It is true that no formal order of confirmation is necessary, but as stated in the last-mentioned case, there must be something which expresses unqualifiedly the approbation of the court.

(3-4) Where a purchaser of land has been in actual possession of the land under a tax deed for more than two years, he acquires title, regardless of the validity of the tax sale. *Walker* v. *Helms*, 84 Ark. 614. The defendant claims title to the one hundred and twenty (120) acres formerly owned by W. K. Duncan on the ground of adverse possession for two years under his tax deed. On the issue of adverse possession the burden of proof is always on the party who asserts it. *Newman* v. *Peay*, 117 Ark. 579. The defendant obtained title to this land on June 7, 1911, from Ed

Jones, who purchased from the State, after the land had been forfeited to it for the non-payment of taxes.

The defendant testified that in July, 1911, he built a house on the land, cleared some of the land about it and that he has had the actual adverse possession of the same from that date until the filing of this suit on the 29th day of June, 1914; that he lived in the house himself except when the overflow prevented him; that he taught school in Little Rock during eight months of the year and that he taught there in 1911; that he taught there again during the years 1912, 1913, 1914 and 1915; that during the time he was away his father had charge of the house and in 1914 rented it to a man named Clint Sherard.

(5)    Another witness for him testified that his sister lived in the house a part of the time. Other witnesses were introduced whose testimony tended to corroborate the defendant. We do not deem it necessary, however, to set out all this testimony and discuss it in detail; for we think the chancellor was correct in holding that a preponderance of the evidence did not show that the defendant had held the land for two years adversely under his tax deed. The testimony on the part of the plaintiff tended to show that no building was placed on the land until sometime in 1912, less than two years before the institution of the present action. Again the evidence shows that the building was a one-room shack, that it was never completely floored or covered until 1914. That it had no chimney and was not fit for habitation and that the door to it swung open most of the time; that there were no outhouses or stables; that no clearing was made around the house and that there was no path leading to it; that there was a path some little distance away which passed along the bank of the lake but this was made by stock traveling along there. Several witnesses stated that they frequently passed there hunting for stock and that there was no evidence of any one living there. When we consider that the defendant lived in Little Rock for most of the year and that the house was not

fit for human habitation in connection with all the other facts and circumstances adduced in the evidence we are of the opinion that there was no actual occupancy of the land by adverse possession by the defendant for two years under his tax title. *Files* v. *Jackson*, 84 Ark. 587; *McComb* v. *Saxe*, 92 Ark. 321.

(6)  Again it is contended by counsel for the defendant that the plaintiff is barred of her right to recover by laches, but we cannot agree with counsel in this contention.  It is true the forfeitures to the State for the non-payment of taxes occurred in 1872 or 1873 and that the plaintiff and her grantors did not commence the present suit until in 1914, but there is nothing in the record tending to show that the defendant was injured by the delay of the plaintiff and her grantors in seeking the relief prayed for in the present action.  There was no loss of evidence or intervention of equities in behalf of the defendant.  There is nothing whatever to show that the defendant was injured by the delay in bringing suit.  It is well settled that aches is not mere delay, but is delay that works disadvantage to another.  So long as parties are in the same condition, the party claiming the right to the land may press his right at any time within the limits of the law.  It is only when he takes no steps to enforce his right until the condition of the other party has in good faith become so changed that he cannot be restored to his former state, if the right be then enforced, that delay becomes inequitable and operates as estoppel against the assertion of the right.  *Tatum* v. *Arkansas Lumber Co.*, 103 Ark. 251, and cases cited.

As to the forty acres of land which Geo. J. Duncan formerly had, it is claimed by the defendant that there is nothing to show that he is dead and that G. W. Duncan and Mrs. Robertson were his heirs at law.  Therefore they insist that Mrs. Robertson and G. W. Duncan did not have any title in said lands to convey and that plaintiff did not acquire any title thereto by the execution of the deed to G. W. Duncan and Mrs. Robertson.

(7) William K. Duncan had two children, viz.: G. W. Duncan, and Mrs. Robertson. He also had two brothers, Geo. J. Duncan, and John Duncan. The last named brother died soon after the death of William K. Duncan, without leaving a widow or children. Geo. J. Duncan had a son named James. The evidence shows that Geo. J. Duncan and his son left the neighborhood in which they resided sometime prior to 1878 and have been gone ever since. During which time none of their relatives or acquaintances have ever heard from them or have any knowledge as to their whereabouts. Under these circumstances there was a presumption of their death and the record shows that Geo. W. Duncan and Mrs. Robertson were their sole heirs at law. The execution of the deed in question by them, therefore, conveys title to the plaintiff to the land in question. *Carrier* v. *Comstock*, 108 Ark. 515. See also case note to 104 A. St. Rep. p. 198.

The decree will be affirmed.