DOWD *v.* ELLIOTT.

4-9713                                          247 S. W. 2d 208

Opinion delivered March 17, 1952.

Rehearing denied April 14, 1952.

*T. B. Vance* and *Preston E. Dowd,* for appellant.

*Will Steel,* for appellee.

MINOR W. MILLWEE, Justice.    This action involves title and right of possession to three vacant lots in Texarkana, Arkansas.

On April 9, 1946, appellee, Ruby Elliott, instituted suit against appellants, W. E. Dowd and wife, in the Miller Chancery Court claiming title to the lots under a state tax deed dated March 28, 1942, which was subse-

quently confirmed. Appellee also alleged "that upon procuring the said state deed she immediately went into possession of said lands and fenced said lands and took pedal possession thereof and has remained in possession thereof since said time." It was further alleged that appellant, W. E. Dowd, about October 1, 1945, cut the fence which was immediately repaired by appellee, but that appellant subsequently cut the fence again and took unlawful possession of the lots. Appellee prayed that her title be quieted, that appellants be enjoined from interfering with her possession, and that a certain deed and affidavit be cancelled as clouds on appellee's title.

In response to appellants' motion to require appellee to elect whether to prosecute her suit as a possessory action or one to quiet title, the cause was transferred to circuit court on November 27, 1947.

In their answer appellants alleged the invalidity of the state deed to appellee and asserted title to the lots by seven years adverse possession.

On December 8, 1948, the cause proceeded to trial before a jury in circuit court then presided over by Judge Dexter Bush. After introducing her state tax deed and the decree of confirmation, appellee also introduced testimony showing that she enclosed the lots with a fence in the latter part of January, 1944, and maintained continuous and exclusive possession and use of the lands as a pasture and lot for her mother's milch cows until the latter part of March, 1946, when appellant, W. E. Dowd, cut the fence and turned his livestock into the enclosure. The proof also showed that the lots in question are located north of and adjacent to two lots owned by appellee's mother and upon which she has made her home for about twenty-five years. Appellants have owned and resided upon lots immediately west of the lots in controversy for many years. Appellants introduced testimony tending to show that the lands sold for excessive taxes at the 1938 tax sale under which appellee claimed title.

At the conclusion of all the testimony Judge Bush indicated that he would hold the 1938 tax sale invalid

whereupon counsel for appellee called the court's attention to appellee's plea and proof of adverse possession of the lots for more than two years under her deed from the State as an additional basis for her claim of title. It was then agreed that the case be withdrawn from the jury, that the question whether appellee was entitled to rely on two years possession under her state deed be determined by the court and, if so, the question of fact as to whether appellee had held such possession should also be determined by the court. Judge Bush entered the following notation on the docket: "Withdrawn from the jury by consent, to proceed before the Court without jury by consent." The cause was continued from time to time by Judge Bush who had taken no further action thereon at the time of his untimely death prior to the June, 1951, term of circuit court.

On June 6, 1951, the cause came on for hearing before Judge C. R. Huie. On appellants' oral motion for an order *nunc pro tunc* to show a final order by Judge Bush holding the tax deed of appellee invalid, Judge Huie, at that time, declined to enter a formal order, but agreed with appellants' contention that Judge Bush had ruled that the tax sale upon which appellee's deed was based was invalid. Trial then proceeded before a jury on the question whether appellee had held adverse possession of the lots for two years under her deed from the State. Appellee again offered extensive proof to establish such possession on her part. This testimony was disputed by that of appellants who also offered some proof of their own adverse possession of the lots for seven years, but requested no instructions on that issue. The jury returned a verdict for appellee which is amply supported by the testimony. Appellants' motion for judgment notwithstanding the verdict was overruled.

For reversal of the judgment based on the jury's verdict appellants contend that appellee, in her complaint, did not allege two years possession under her deed as a basis for claim of title, but relied solely on the deed; that Judge Bush entered, or should have entered, an

order on December 8, 1948, holding appellee's deed invalid, which order was final and *res judicata* of appellee's cause of action; and that Judge Huie, therefore, erred in denying appellants' motions for *nunc pro tunc* judgment, directed verdict and for judgment notwithstanding the verdict at the second trial. We find no merit in these contentions. Appellee's allegation in her complaint of more than two years possession under her tax deed was sufficient to support her claim of title based on such possession and to invoke the provisions of Ark. Stats., § 34-1419. Having properly pleaded such possession as a claim of title and having introduced ample evidence to support it at the first trial, appellee was entitled to have this issue adjudicated regardless of the validity of her tax deed. It is clear from the record that this issue was withdrawn from the jury at the first trial under an express agreement that it should be determined by Judge Bush and that he died without having made that determination. Judge Huie, who had not heard the evidence at the first trial, properly submitted this issue to a jury at the second trial under instructions which are not challenged. The jury were correctly told to find for appellee if they found from a preponderance of the evidence that she held continuous adverse possession of the lots for two years, or more, under her state deed regardless of the validity of tax sale upon which said deed was based. *Ross* v. *Royal,* 77 Ark. 324, 91 S. W. 178; *Chavis* v. *Henry* 205 Ark. 163, 168 S. W. 2d 610.

It is also argued that the two-year statute of limitations provided in § 34-1419, *supra,* is defensive in its terms and therefore unavailable to a plaintiff in an ejectment action who is not in actual possession. While this question does not appear to have been raised in the trial court, the effect of our decisions is that actual, adverse possession under a tax deed from the State Land Commissioner vests a good title in the deed holder regardless of the validity of the tax sale under which the State acquired title provided, as here, said deed sufficiently describes the land. *McConnell* v. *Swepston,* 66 Ark. 141, 49 S. W. 566; *Jones* v. *Temple,* 126 Ark. 86, 189 S. W. 847;

*Black* v. *Brown,* 129 Ark. 270, 195 S. W. 673; *Terry* v. *Drainage District No. 6, Miller County,* 206 Ark. 940, 178 S. W. 2d 857; *Pitts* v. *Johnson,* 212 Ark. 119, 205 S. W. 2d 449. As the court stated in *Walker* v. *Helms,* 84 Ark. 614, 106 S. W. 1170, actual possession of land under a tax deed for the required period "operated as a complete investiture of title by limitation."

When the testimony in the case at bar is considered in the light most favorable to appellee it warranted a finding that appellants never held title to the lots in controversy and forcibly ousted appellee from possession by cutting her fence and wrongfully taking charge of the lots a few days before the filing of the instant action. In *Vanndale Special School Dist. No. 6* v. *Feltner,* 210 Ark. 743, 197 S. W. 2d 731, we approved the following rule which is applicable here: "While it is a general rule that a plaintiff in ejectment must recover upon the strength of his own title and not upon the weakness of his adversary's, this rule has no application where the defendant is a mere trespasser invading the actual possession of plaintiff, in which case plaintiff can recover on prior peaceable possession alone." Although the evidence is in dispute, there was substantial testimony to support a finding that appellants were trespassers and not entitled to challenge the prior peaceable possession of appellee for more than two years.

We find no error, and the judgment is affirmed.